■ In the Matter of DONALD SIEGEL, Petitioner, v NEW YORK STATE TAX COMMISSION, Respondent.—Harvey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which sustained a sales and use tax assessment imposed under Tax Law articles 28 and 29.

The issue on appeal is whether respondent's determination that petitioner failed to timely request a hearing within 90 days of receipt of the notice of determination as required by Tax Law § 1138 (a) was arbitrary. On October 12, 1982, petitioner was issued a notice of determination and demand for payment of sales and use taxes in the amount of $15,052.33 plus interest for the period June 1, 1979 to May 31, 1982. Petitioner's attorney, Allan Henis, testified that on January 6, 1983 he met petitioner for lunch and that at that time petitioner signed a letter which Henis had prepared requesting a hearing. Henis testified that he then placed the

signed letter in an envelope and sent it via ordinary mail to respondent's district office, located at 2 World Trade Center in New York City.

Petitioner did not hear from respondent until January 1984 when a warrant was issued and a judgment filed for payment of taxes. Thereafter, in February 1984, petitioner filed a petition and a hearing ensued. Upon reviewing its files, respondent was unable to find any evidence that it had received petitioner's letter requesting a hearing. Thus, an initial issue was whether petitioner had requested a hearing in a timely fashion. The Hearing Officer found that the request for a hearing had been made in a timely fashion. However, upon administrative review respondent concluded that petitioner had failed to make the request within 90 days. Respondent thus held that the matter was time barred and refused to consider the merits of the case. This proceeding ensued.

When reviewing an administrative determination, this court does not have authority to weigh the evidence and reject the agency's choice of conflicting evidence (see, Matter of Berenhaus v Ward, 70 NY2d 436, 443-444). Respondent's resolution of conflicting evidence must be accepted if not irrational (see, Matter of Jacobson v State Tax Commn., 129 AD2d 880, 881-882). Here, petitioner's attorney testified that the request for a hearing was mailed on January 6, 1983. This testimony was not corroborated by a contemporaneous affidavit of mailing or a registered or certified mail receipt. The letter had not been mailed to respondent's Albany office as required by the regulations in effect at that time. A search of respondent's files failed to reveal that the letter had been received. Faced with this evidence, we cannot say that respondent's conclusion that petitioner failed to timely request a hearing is irrational.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Casey, Yesawich, Jr., and Harvey, JJ., concur.