In the Matter of MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Petitioner, v NEW YORK STATE TAX COMMISSION, Respondent.

Third Department, November 10, 1988

**APPEARANCES OF COUNSEL**

*Weaver H. Gaines, Jr. (Christine M. Doyle* of counsel), for petitioner.

*Robert Abrams, Attorney-General (Wayne L. Benjamin* and *Nancy A. Spiegel* of counsel), for respondent.

### OPINION OF THE COURT

HARVEY, J.

Petitioner is a domestic corporation which, pursuant to Tax Law article 22, is required to deduct and withhold taxes from the wages of its employees. The aggregate amount petitioner was required to deduct and withhold was such that petitioner was required, in 1978, to file semimonthly returns paying over the amounts withheld to the Department of Taxation and Finance *(see,* Tax Law § 674 [a] [former (3)]; *but see,* Tax Law § 674 [a] [4], as added by L 1981, ch 103, § 102, eff June 16, 1981). On December 18, 1978, petitioner issued a check for $102,500, payable to the Department, representing the money it had deducted and withheld from its employees for the first half of December. The check was prepared and mailed in accordance with petitioner's normal business practices.

In January 1980, the Department sent petitioner a notice of unbalanced account, indicating that the total tax paid was $102,500 less than the reconciliation statement showed as the amount withheld. Petitioner immediately responded stating that its reconciliation reflected the total payments submitted. A search of its accounts, however, revealed that the December 1978 check for $102,500, which had been drawn on a noninterest bearing account, was still outstanding. Petitioner thus stopped payment on that check and sent a replacement check to the Department on February 1, 1980.

In March 1980, the Department sent petitioner a demand for payment of a penalty of $29,725 and interest of $8,805.67 on the December 1978 payment. Petitioner contested this assessment, explaining that it had mailed the December 1978 check in a timely fashion. Petitioner asked for an abatement of the penalty and interest charges. The Department withdrew the penalty assessment, but insisted on payment of the entire interest charge. Further attempts to resolve the matter were fruitless and thus, in March 1981, petitioner requested a hearing.

In March 1982, a hearing was held on the matter. At the hearing, petitioner presented detailed evidence of the method the check was drawn and mailed. Three months after petitioner's hearing, respondent rendered a decision in a case involving the same fact pattern, procedural history and issue as

were present in petitioner's case. In that case, respondent held that since it was established that the letter had been properly mailed there was a presumption that it was delivered and, since that presumption had not been rebutted, the petition was granted and the petitioner was held not responsible for the interest assessment (*Matter of General Foods Corp.,* State Tax Commn, June 4, 1982).

A decision in petitioner's case, however, was not forthcoming. Indeed, there was an unexplained delay of over four years until the decision was rendered in July 1986. In the meantime, petitioner had received notices of assessment for the disputed interest despite the fact that no decision had yet been rendered by respondent. One of the assessments identified an incorrect assessment period. Upon inquiry of the status of the matter, petitioner was informed by a letter from the Department dated June 9, 1986 that it had no file of the matter and that it had no record of a hearing taking place. Subsequently, however, the Department apparently found its files and records and issued the determination in dispute here, sustaining the assessment of interest without mention of the prior *General Foods* case. This CPLR article 78 proceeding, transferred to this court for disposition, ensued.

The failure of petitioner's check to be properly credited by the Department ostensibly was the result of one of the following three scenarios: (1) the check was never properly mailed, (2) the check was properly mailed, but was lost in the mail, or (3) the check was properly mailed, received by the Department, but then lost or misplaced and not correctly credited to petitioner. Tax Law § 691 (a), cited by respondent, is not applicable in a situation such as this where the check is never properly credited. It would apply only if the check had ultimately been credited by the Department and the issue was whether the check had been mailed in a timely fashion.

As noted above, respondent was faced with the same issue as is present in this case in *Matter of General Foods Corp. (supra)*. There, relying on common-law principles and citing to *News Syndicate Co. v Gatti Paper Stock Corp.* (256 NY 211), respondent held that where there was evidence that a letter with a check had been properly mailed, there was a presumption that it was delivered to its addressed destination. In that case, no evidence was submitted to rebut the presumption and thus the petition was granted.

Subsequently, and during the years while petitioner was

waiting for respondent to act on its petition, respondent decided the two companion cases of *Matter of Garofalo* (State Tax Commn, Sept. 28, 1983) and *Matter of Mancuso* (State Tax Commn, Sept. 28, 1983). Respondent relied on these cases in denying petitioner's petition. The taxpayers in *Garofalo* and *Mancuso* were represented by the same attorney who alleged that he had mailed petitions for the separate petitioners in a timely fashion. In *Garofalo* and *Mancuso,* respondent's finding of fact included a determination that the petitions were never received by the Department. Respondent noted that, with respect to filing petitions, the burden of proof of delivery was statutorily placed on the petitioners *(see,* Tax Law § 689 [e]) and that denying the petitions would not leave the petitioners without a remedy since, after paying the assessed deficiency, they could file a claim for a refund. Respondent found petitioner's proof of mailing insufficient to establish delivery of the petitions to the Department.

Here, the determination as to whether the return was received by the Department is dispositive of the issue of whether petitioner is liable for the interest charged; petitioner has no other remedy. Further, respondent credited petitioner's evidence with respect to the preparation and mailing of the December 1978 check. Indeed, petitioner's evidence on this issue was compelling. Petitioner had presented evidence that the check was prepared and mailed in compliance with its normal procedures, procedures which had produced an unblemished record of compliance with withholding tax requirements. A carbon copy of the check involved was presented as was a copy of the voucher pertaining to and necessary for the drawing of the original check. Affidavits from those involved in the drawing and mailing of the check were also submitted.

In response to this evidence, the Department failed to produce any evidence that it never received the check. The Department's burden in this regard was light. It needed only to produce some evidence of its procedures when receiving returns and checks or that it had conducted at least a cursory review of its files for the check *(see, Matter of Siegel v New York State Tax Commn.,* 137 AD2d 954, 955). No such evidence was submitted and thus respondent made no factual determination that the check was never received as was made with respect to the petitions in *Matter of Garofalo (supra)* and *Matter of Mancuso (supra).* Respondent merely found that the Department's Audit Division had issued a notice of an unbalanced account. The significance of the Department's failure to

produce any evidence with respect to at least a minimal attempt to search its files or otherwise see if the check was received is particularly evident here where petitioner's entire file and the record of its hearing had mysteriously disappeared during the course of the protracted proceedings, only to reappear at a later date when the ruling adverse to petitioner was decided. The Department's failure to meet its minimal burden of producing evidence of nonreceipt leads to the conclusion that the determination should be annulled.

WEISS, J. P., YESAWICH, JR., LEVINE and MERCURE, JJ., concur.

Determination annulled, and petition granted, with costs.