U.S. Bank N.A. v Panzer (2020 NY Slip Op 07418)





U.S. Bank N.A. v Panzer


2020 NY Slip Op 07418


Decided on December 9, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2019-04355
 (Index No. 61347/16)

[*1]U.S. Bank National Association, etc., respondent,
v
Steven K. Panzer, etc., et al., appellants, et al., defendants.


James Marsico, PLLC (Joseph E. Ruyack III, Chester, NY, of counsel), for appellants.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Richard P. Haber of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Steven K. Panzer and Linda Panzer appeal from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Westchester County (Gerald Loehr, J.), dated February 27, 2019. The order and judgment of foreclosure and sale, upon an order of the same court dated August 13, 2018, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against those defendants and for an order of reference, and denying those defendants' cross motion to dismiss the complaint insofar as asserted against them, granted the plaintiff's motion, among other things, to confirm the referee's report and for a judgment of foreclosure and sale and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
On August 15, 2016, the plaintiff commenced the instant action to foreclose a mortgage against, among others, the defendants Steven K. Panzer and Linda Panzer (hereinafter together the defendants). Section 22(b) of the mortgage agreement required the plaintiff to send the defendants a notice of default before it can demand payment in full. On May 14, 2018, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. In support of the motion, the plaintiff submitted, among other things, two affidavits from a document execution associate (hereinafter the associate) of the plaintiff's loan servicer, who stated that she was familiar with the servicer's records and record-keeping practices. The associate stated that the servicer had standard office procedures for mailing RPAPL 1304 notices and notices of default pursuant to the terms of the mortgage agreement. She described those procedures, and she stated that those procedures were adhered to in this case.
The defendants cross-moved to dismiss the complaint insofar as asserted against them on the ground that the plaintiff failed to establish strict compliance with RPAPL 1304, and failed to demonstrate that it complied with the notice of default provision of the mortgage agreement. In support of the cross motion, the defendants each submitted an affidavit in which they denied receiving either the RPAPL 1304 notice or the notice of default pursuant to the terms of the [*2]mortgage agreement.
In an order dated August 13, 2018, the Supreme Court granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference, and denied the defendants' cross motion to dismiss the complaint insofar as asserted against them. In an order and judgment of foreclosure and sale dated February 27, 2019, the court granted the plaintiff's motion, among other things, to confirm the referee's report and for a judgment of foreclosure and sale, and directed the sale of the subject property. The defendants appeal.
Initially, the plaintiff's contention that RPAPL 1304 does not apply to this case is without merit. Although RPAPL 1304 originally applied only to high-cost, subprime, and non-traditional home loans, the legislature amended the statute, effective January 14, 2010, to apply to all home loans (see Deutsche Bank Natl. Trust Co. v Spanos, 102 AD3d 909, 910). This Court has specifically held that the amended form of RPAPL 1304 applies in any action commenced after the amendment; the date the mortgage originated is irrelevant (see id. at 910). This action was commenced on August 15, 2016, long after the effective date of the amendment, and the fact that the mortgage originated in 2004 is irrelevant.
We agree with the Supreme Court that the plaintiff established strict compliance with RPAPL 1304, and we further agree that the plaintiff established that it complied with the notice of default provision of the mortgage agreement itself. RPAPL 1304(1) provides that "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." "Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20). RPAPL 1304(2) requires that the notice be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower. Moreover, in order to establish entitlement to summary judgment, the plaintiff must show that it complied with any conditions precedent to commencing the action contained in the mortgage agreement itself (see U.S. Bank N.A. v Callender, 176 AD3d 1249, 1251).
Here, the plaintiff established compliance with both RPAPL 1304 and the mortgage agreement provision by submitting the affidavit of the associate, who stated that the servicer had standard office procedures for mailing RPAPL 1304 notices and notices of default pursuant to the terms of the mortgage agreement. She described those procedures, and she stated that those procedures were adhered to in this case (see e.g. Nationstar Mtge., LLC v LaPorte, 162 AD3d 784, 786).
The defendants failed to raise a triable issue of fact in opposition. A mere denial of receipt of an RPAPL 1304 notice or a notice of default is insufficient to raise a triable issue of fact, or to establish prima facie entitlement to dismissal of the complaint (see Citibank, N.A. v Conti-Scheurer, 172 AD3d at 20-21; see also U.S. Bank Trust, N.A. v Sadique, 178 AD3d 984; LNV Corp. v Sofer, 171 AD3d 1033, 1038).
Accordingly, we agree with the Supreme Court's determination granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference, and denying the defendants' cross motion to dismiss the complaint insofar as asserted against them
SCHEINKMAN, P.J., DILLON, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court