U.S. Bank Trust, N.A. v Solomon (2025 NY Slip Op 04681)

U.S. Bank Trust, N.A. v Solomon

2025 NY Slip Op 04681

Decided on August 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2023-08508
 (Index No. 623533/18)

[*1]U.S. Bank Trust, N.A., etc., respondent, 
v
Howard Solomon, defendant, Maria Solomon, appellant.

Petroff Amshen LLP, Brooklyn, NY (Steven Amshen and James Tierney of counsel), for appellant.
Friedman Vartolo LLP (Day Pitney LLP, New York, NY [Christina A. Livorsi and Catherine Welker], of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Maria Solomon appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Suffolk County (Paul M. Hensley, J.), entered June 29, 2023. The order and judgment of foreclosure of sale, upon two orders of the same court (Derrick J. Robinson, J.) dated March 11, 2021, and March 12, 2021, respectively, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Maria Solomon, to strike that defendant's answer, affirmative defenses, and counterclaims, and for an order of reference, among other things, confirmed a referee's report and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
In January 2008, the defendants Howard Solomon and Maria Solomon (hereinafter together the borrowers) executed a note in the sum of $290,000 in favor of Premium Capital Funding, LLC. The note was secured by a mortgage on certain residential property located in South Huntington. The mortgage was later assigned to the plaintiff. On July 30, 2018, the borrowers were sent notices of their alleged default on the mortgage payments.
In November 2018, the plaintiff commenced this action to foreclose the mortgage against, among others, the borrowers. Maria interposed an answer in which she asserted various affirmative defenses and counterclaims, including that the plaintiff failed to comply with the notice of default provision in the mortgage agreement. Thereafter, in August 2019, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against Maria, to strike her answer, affirmative defenses, and counterclaims, and for an order of reference. Maria opposed the motion. In an order dated March 11, 2021, the Supreme Court, among other things, granted those branches of the plaintiff's motion. In an order dated March, 12, 2021, the court, inter alia, granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff. In an order and judgment of foreclosure and sale entered June 29, 2023, the court, among other things, confirmed the referee's report and directed the sale of the subject property. Maria appeals.
Pursuant to CPLR 5501(a)(1), "[a]n appeal from a final judgment brings up for [*2]review . . . any non-final judgment or order which necessarily affects the final judgment . . . provided that such non-final judgment or order has not previously been reviewed by the court to which the appeal is taken" (see Countrywide Home Loans Servicing, L.P. v Weberman, 230 AD3d 632, 633).
"[I]n order to establish entitlement to summary judgment, the plaintiff must show that it complied with any conditions precedent to commencing the action contained in the mortgage agreement itself" (U.S. Bank N.A. v Panzer, 189 AD3d 1109, 1111; see McCormick 110, LLC v Gordon, 200 AD3d 672, 674). Here, in support of its motion, the plaintiff submitted an affidavit of Letisha Merritt, a representative of the plaintiff's then loan servicer. In her affidavit, Merritt averred that she personally mailed the notices of default to the borrowers by first class mail on July 30, 2018. The plaintiff also submitted a copy of the notice of default, which indicated that the notice of default was mailed to Maria at the subject property. Thus, contrary to Maria's contention, the plaintiff established, prima facie, that it complied with the notice of default provision in the mortgage agreement (see Deutsche Bank Natl. Trust Co. v Pirozzi, 230 AD3d 736, 738; Nationstar Mtge., LLC v Osikoya, 205 AD3d 1038, 1040-1041). In opposition, Maria failed to raise a triable issue of fact (see U.S. Bank N.A. v Panzer, 189 AD3d at 1111).
Maria's contention that the plaintiff did not comply with the requirements of RPAPL 1306 is improperly raised for the first time on appeal (see Bank of Am., N.A. v Cudjoe, 157 AD3d 653, 654).
Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Maria, to strike her answer, affirmative defenses, and counterclaims, and for an order of reference.
DILLON, J.P., WOOTEN, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court