Wilmington Trust, N.A. v Singh (2025 NY Slip Op 04938)

Wilmington Trust, N.A. v Singh

2025 NY Slip Op 04938

Decided on September 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
LILLIAN WAN, JJ.

2021-08193
2023-09841
 (Index No. 708461/19)

[*1]Wilmington Trust, National Association, respondent,
v
Narinder Singh, appellant, et al., defendants.

Petroff Amshen LLP, Brooklyn, NY (James Tierney, Serge F. Petroff, and Steven Amshen of counsel), for appellant.
Friedman Vartolo LLP, New York, NY (Ronald P. Labeck of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Narinder Singh appeals from (1) an order of the Supreme Court, Queens County (Karina E. Alomar, J.), entered October 28, 2021, and (2) an order and judgment of foreclosure and sale (one paper) of the same court entered September 6, 2023. The order, insofar as appealed from, upon a decision dated December 18, 2020, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Narinder Singh, to strike that defendant's answer, and for an order of reference, and appointed a referee to ascertain and compute the amount due to the plaintiff. The order and judgment of foreclosure and sale, inter alia, granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the real property.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Narinder Singh, to strike that defendant's answer, and for an order of reference are denied, and the order is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendant Narinder Singh.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
In May 2019, the plaintiff commenced this action against, among others, the defendant Narinder Singh (hereinafter the defendant) to foreclose a mortgage on certain real property located in Astoria. The defendant interposed an answer in which he asserted various affirmative defenses, including that the plaintiff failed to comply with RPAPL 1304 and with the notice of default requirement of the mortgage agreement. In October 2020, the plaintiff moved, among other [*2]things, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference. The defendant opposed the motion. In an order entered October 28, 2021, the Supreme Court, inter alia, upon a decision dated December 18, 2020, granted those branches of the plaintiff's motion and appointed a referee to ascertain and compute the amount due to the plaintiff. Thereafter, in an order and judgment of foreclosure and sale entered September 6, 2023, the court, among other things, granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the property. The defendant appeals.
RPAPL 1304(1) provides that "at least [90] days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, . . . including mortgage foreclosure, such lender, assignee[,] or mortgage loan servicer shall give notice to the borrower." The statute further sets forth the required content for the notice and requires that the notice be sent by registered or certified mail and also by first-class mail to the last known address of the borrower (see id. § 1304[2]; MTGLQ Invs., L.P. v Daleo, 228 AD3d 929, 931). Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action (see PNC Bank, N.A. v Mone, 231 AD3d 977, 977-978; U.S. Bank N.A. v Jeffrey, 222 AD3d 802, 804). RPAPL 1304 notice must be sent by registered or certified mail and by first-class mail to the last known address of each borrower and to the subject property in a separate envelope from "any other mailing or notice" (id. § 1304[2]; see MTGLQ Invs., L.P. v Daleo, 228 AD3d at 931).
Here, the plaintiff established, prima facie, its strict compliance with the "separate envelope" mandate of RPAPL 1304(2), and, in opposition, the defendant failed to raise a triable issue of fact. Contrary to the defendant's contention, the inclusion of additional information with the notices required by RPAPL 1304 did not violate the requirement that the RPAPL 1304 notices be sent "in a separate envelope from any other mailing or notice" (id. § 1304[2]), as the additional information consisted of "'accurate statements that further the underlying statutory purpose of providing information to borrowers that is or may become relevant to avoiding foreclosure'" (U.S. Bank N.A. v Jeffrey, 222 AD3d at 804, quoting Bank of Am., N.A. v Kessler, 39 NY3d 317, 326; see PNC Bank, N.A. v Mone, 231 AD3d at 978).
However, the plaintiff failed to establish, prima facie, that a notice of default in accordance with sections 15 and 22 of the mortgage agreement was properly transmitted to the defendant prior to the commencement of this action. "[A] party can establish that a notice or other document was sent through evidence of actual mailing (e.g., an affidavit of mailing or service) or . . . by proof of a sender's routine business practice with respect to the creation, addressing, and mailing of documents of that nature" (CIT Bank, N.A. v Schiffman, 36 NY3d 550, 556 [citation omitted]). Here, the plaintiff submitted an affidavit of Cindy Vasquez, a "Foreclosure Specialist" for Fay Servicing, LLC, the plaintiff's attorney-in-fact, who averred, among other things, that, on January 28, 2019, "Notices of Default were sent by certified and first-class mail to the Defendant at the Mortgaged Premises and at the Defendant's last known address, if different." Vasquez annexed to her affidavit, inter alia, copies of notices of default dated January 28, 2019, addressed from the plaintiff's counsel to the defendant, certified mail receipts and domestic return receipts, and an affidavit of mailing by Sarah Schultz, sworn to on October 28, 2019, in which Schultz attested that, on January 28, 2019, she mailed a "30-DAY NOTICE OF DEMAND" to the defendant by certified and first-class mail.
The plaintiff's submissions were insufficient to establish that a notice of default in accordance with section 22 of the mortgage agreement was sent to the defendant as required by section 15 of the mortgage agreement. Section 15 of the mortgage agreement provides that notice to the borrower is considered sent "when mailed by first class mail or when actually delivered to [the borrower's] notice address if sent by other means." The affidavit of mailing was insufficient to establish a mailing by either first-class or certified mail. Although Schultz asserted personal knowledge of the mailing, the affidavit was dated nine months after the date on which the notices of default were purportedly mailed, and the affidavit was unsupported by any contemporaneous documentation (see Matter of Siegel v New York State Tax Commn., 137 AD2d 954, 955; Glen Travel Plaza v Anderson Equip. Corp., 122 AD2d 327, 328; cf. U.S. Bank Trust, N.A. v Solomon, _____ AD3d _____, _____, 2025 NY Slip Op 04681, *2; Emigrant Bank v Cohen, 205 AD3d 103, [*3]107-108). The certified mail receipts submitted by the plaintiff were not stamped or postmarked, and the domestic return receipts were unsigned. Thus, there was inadequate proof that the notices of default were actually delivered to the defendant. Further, although mailing may also be established by proof of a standard office mailing procedure (see Citibank, N.A v Conti-Scheurer, 172 AD3d 17, 21), in her affidavit Vasquez failed to make the requisite showing that she was familiar with the mailing practices and procedures of the plaintiff's counsel, which apparently mailed the notices of default (see U.S. Bank N.A. v Reddy, 220 AD3d 967, 971; Heartwood 2, LLC v DeBrosse, 197 AD3d 1152, 1153) and, in any event, failed to describe a standard office mailing procedure designed to ensure that items are properly addressed and mailed (see Wilmington Trust, N.A. v Meyerhoeffer, 219 AD3d 549, 552).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference (see MTGLQ Invs., L.P. v Cutaj, 202 AD3d 778, 780; Heartwood 2, LLC v DeBrosse, 197 AD3d at 1153-1154).
DUFFY, J.P., MILLER, CHRISTOPHER and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court