U.S. Bank N.A. v Pickering-Robinson (2021 NY Slip Op 04775)





U.S. Bank N.A. v Pickering-Robinson


2021 NY Slip Op 04775


Decided on August 25, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 25, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2016-10805
 (Index No. 8639/11)

[*1]U.S. Bank N.A., appellant, 
v
Carol Pickering-Robinson, etc., respondent, et al., defendants.


Zeichner Ellman & Krause LLP, New York, NY (J. David Morrissy and BJ Finneran of counsel), for appellant.
Rohan F. Harrison, South Ozone Park, NY, for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated May 5, 2016. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Carol Pickering-Robinson's decedent, to strike his amended answer, and for an order of reference, and granted that branch of the cross motion of the defendant Carol Pickering-Robinson's decedent which was for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the cross motion of the defendant Carol Pickering-Robinson's decedent which was for summary judgment dismissing the complaint insofar as asserted against him, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
On January 14, 2009, Christopher Pickering (hereinafter the defendant) entered into a consolidation, extension, and modification agreement (hereinafter CEMA) with the plaintiff, which consolidated a first loan, and its respective mortgage and note executed in 2007, and a second loan, and that loan's respective mortgage and note, executed on January 14, 2009, creating a single lien on the subject property in the amount of $341,000. The latter lien was evidenced by a consolidated note, and secured by a consolidated mortgage encumbering the subject property located in Brooklyn.
On April 14, 2011, the plaintiff commenced this action to foreclose the consolidated mortgage, alleging, inter alia, that the defendant had defaulted under the terms of the consolidated loan by failing to make his mortgage payment due August 1, 2009, and on all payments due thereafter. The defendant interposed an amended answer with counterclaims.
In March 2015, the plaintiff moved, among other things, for summary judgment on the complaint insofar as asserted against the defendant, to strike his amended answer, and for an order of reference. In May 2015, the defendant cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against him based on lack of standing and failure to comply with RPAPL 1304.
By order dated May 5, 2016, the Supreme Court denied the plaintiff's motion and granted that branch of the defendant's cross motion which was for summary judgment dismissing the complaint insofar as asserted against him, determining that the plaintiff failed to establish compliance with RPAPL 1304 and also failed to establish, prima facie, that it had standing to commence the action. The plaintiff appeals. While the appeal was pending, the defendant died, and Carol Pickering-Robinson, as administrator of the defendant's estate, was substituted for the defendant.
"[I]n a residential foreclosure action, a plaintiff moving for summary judgment must tender sufficient evidence demonstrating the absence of material issues as to its strict compliance with RPAPL 1304" (U.S. Bank N.A. v Henderson, 163 AD3d 601, 602 [internal quotation marks omitted]). "[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (id. at 602 [internal quotation marks omitted]). Pursuant to RPAPL 1304(1), "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower. . . , including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." The notice "shall be sent by such lender, assignee . . . or mortgage loan servicer to the borrower, by registered or certified mail and also by first-class mail to the last known address of the borrower, and to the residence that is the subject of the mortgage" (id. § 1304[2]).
A plaintiff demonstrates its compliance with the statute "by proof of the requisite mailing, which can be established [by] proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 21 [internal quotation marks omitted]). "There is no requirement that a plaintiff in a foreclosure action rely on any particular set of business records to establish a prima facie case, so long as the plaintiff satisfies the admissibility requirements of CPLR 4518(a), and the records themselves actually evince the facts for which they are relied upon" (Citigroup v Kopelowitz, 147 AD3d 1014, 1015).
Here, the plaintiff initially relied on an affidavit of Angela M. Ward, an officer of the plaintiff (hereinafter the Ward affidavit), and subsequently, in reply and in opposition to the defendant's cross motion, an affidavit of Mary D. Lee (hereinafter the Lee affidavit), another officer of the plaintiff, and documentary evidence submitted with the affidavits. The Supreme Court correctly found that the Ward affidavit, together with the one letter that purported to constitute the statutorily required 90-day notice, was insufficient to establish the plaintiff's compliance with RPAPL 1304. Although the Ward affidavit stated that the RPAPL 1304 notices were mailed by certified and regular first-class mail, the letter itself contained no indication on it as to whether it was mailed to the defendant by registered or certified mail, or by first-class mail, or whether it was actually mailed at all (see Everbank v Greisman, 180 AD3d 758, 760), and no other documents were submitted with the Ward affidavit proving that the letter was actually mailed as required. For example, the plaintiff failed to submit an affidavit of mailing or proof of mailing by the United States Postal Service evidencing that it properly mailed notice to the defendant pursuant to RPAPL 1304 (see Deutsche Bank Natl. Trust Co. v Dennis, 181 AD3d 864, 867). Contrary to the plaintiff's contention, "[t]he presence of [a] 20-digit number[ ] on the cop[y] of the 90-day notice[ ] submitted by the plaintiff, standing alone, did not suffice to establish, prima facie, proper mailing under RPAPL 1304" (Wilmington Sav. Fund Socy., FSB v Hershkowitz, 189 AD3d 1126, 1129 [internal quotation marks omitted]; see CitiMortgage, Inc. v Osorio, 174 AD3d 496, 498; U.S. Bank N.A. v Offley, 170 AD3d 1240, 1242). Moreover, as Ward did not aver that she was familiar with the plaintiff's mailing practices and procedures, the plaintiff failed to submit evidence establishing the existence of a standard office practice and procedure designed to ensure that items are properly addressed and mailed (see Central Mtge. Co. v Canas, 173 AD3d 967, 969; Citibank, N.A. v Conti-Scheurer, 172 AD3d at 20-21). Accordingly, since Ward did not claim to have mailed the notice herself, or to have personal knowledge of the actual mailing, the Ward affidavit and notice, without more, were insufficient to establish, prima facie, the plaintiff's compliance with RPAPL 1304 (see Wells Fargo Bank, N.A. v Shteynberg, 187 AD3d 967, 968; PennyMac Corp. v Khan, 178 [*2]AD3d 1064, 1066).
However, the Supreme Court also should have considered the Lee affidavit, and a printout from the plaintiff's loan servicing record submitted as an exhibit thereto, which established the plaintiff's compliance with RPAPL 1304. Notably, the defendant did not object to the plaintiff's submission of the Lee affidavit, despite its being submitted for the first time in reply, and does not raise any objection to its admission on appeal. In any event, "[a]lthough a party moving for summary judgement cannot meet its prima facie burden by submitting evidence for the first time in reply" (Citimortgage, Inc. v Espinal, 134 AD3d 876, 879), the Lee affidavit was an exception to that rule, as it was submitted in response to a specific argument raised for the first time in opposition to the plaintiff's motion and in support of the defendant's cross motion (see Deutsche Bank Natl. Trust Co. v Cole, 168 AD3d 677, 679; Central Mtge. Co. v Jahnsen, 150 AD3d 661, 663-664), and the defendant could have responded to the Lee affidavit in his reply papers in further support of his cross motion (see LNV Corp. v Sofer, 171 AD3d 1033, 1036), though he did not do so.
The printout from the plaintiff's loan servicing record "created by U.S. Bank upon the mailing of the RPAPL Notice by certified and first class mail," consisted of a chart, titled "COLLECTIONS/CUSTOMER SERVICE LOAN ACTIVITY ARCHIVE FOR THE TIME PERIOD 01/01/10 THRU 03/31/12," with its contents redacted except for one entry showing the following activity on December 3, 2010, the date on the copy of the notice: "90 DY PROP REG/CRT." Lee explained that "the abbreviated term 'REG' refers to the first class mail RPAPL Notice, and the abbreviated term 'CRT' refers to the certified mail RPAPL Notice." She further explained, "The entry . . . was created in the normal course of U.S. Bank's business and is produced only when the RPAPL Notice is sent by both methods required by RPAPL 1304." The Lee affidavit was sufficient to lay a proper foundation for the admission of the annexed loan service record as a business record (see CPLR 4518[a]), and the affidavit, together with the document, established, prima facie, that notices pursuant to RPAPL 1304 were sent to the defendant by certified and first-class mail, as required (see Citimortgage, Inc. v Ustick, 188 AD3d 793, 794-795).
The defendant failed to reply to the plaintiff's showing in opposition to his cross motion, and thus, failed to raise a triable issue of fact in reply thereto. We do not consider Pickering-Robinson's argument that the Lee affidavit could not lay a proper foundation for the admission of the loan service record because it, and the 1304 letter, were created by U.S. Bank Home Mortgage, whereas Lee was an officer of U.S. Bank N.A., a different entity, and did not purport to have knowledge of the business practices of U.S. Bank Home Mortgage, as it is improperly raised for the first time on appeal (see Wilmington Sav. Fund Socy., FSB v Hershkowitz, 189 AD3d at 1130). As to the defendant's denial of receipt of the notice, "[a] mere denial of receipt of an RPAPL 1304 notice . . . is insufficient to raise a triable issue of fact, or to establish prima facie entitlement to dismissal of the complaint" (U.S. Bank N.A. v Panzer, 189 AD3d 1109, 1111; see Citibank, N.A. v Conti-Scheurer, 172 AD3d at 20-21). Accordingly, the Supreme Court improperly determined that the defendant was entitled to summary judgment dismissing the complaint insofar as asserted against him on the ground that he was not served with the RPAPL 1304 notice.
The Supreme Court, however, properly determined that the plaintiff failed to establish, prima facie, that it had standing at the time the action was commenced. Where, as here, the plaintiff's standing has been placed in issue by the defendant's answer, the plaintiff must prove its standing as part of its prima facie showing on a motion for summary judgment (see PennyMac Corp. v Arora, 184 AD3d 652, 653). A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; HSBC Bank USA, N.A. v Chabot, 191 AD3d 648). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754; see Citimortgage, Inc. v Laupot, 190 AD3d 680, 681-682; PennyMac Corp. v Arora, 184 AD3d at 653).
Here, the plaintiff demonstrated that it was the originator of the consolidated loan and [*3]thus, had possession of the consolidated note as of January 14, 2009, the date the defendant executed and delivered it to the plaintiff. However, the plaintiff failed to establish by admissible evidence that it continued to be the holder of the consolidated note at the time the action was commenced. Initially, in support of the motion, the plaintiff submitted the Ward affidavit, which failed to aver that the plaintiff continued to hold the consolidated note. The Lee affidavit corrected that omission by stating the following: "The Consolidated Note, payable to the order of U.S. Bank, has never been sold, assigned or transferred since origination and remained in U.S. Bank's possession in a secure location in Owensboro Kentucky from January 20, 2009 until September 16, 2013, when it was sent to Steine, Weiner & Roth, LLP, U.S. Bank's foreclosure counsel in this action. Thus, U.S. Bank possessed the Note on the date the action was commenced, April 14, 2011 . . . Therefore, U.S. Bank has been (and continues to be) the holder of the Consolidated Note."
The above statements provided the information that had been missing from the Ward affidavit, and, had they been admissible, would have been sufficient to establish standing. However, while the Lee affidavit was sufficient to lay a proper foundation for the admission of a business record pursuant to CPLR 4518(a) (see People v Kennedy, 68 NY2d 569, 579), Lee failed to identify the records upon which she relied in making the statements, and the plaintiff failed to submit copies of the records themselves. "[T]he business record exception to the hearsay rule applies to a 'writing or record' (CPLR 4518[a]) . . . [and] it is the business record itself, not the foundational affidavit, that serves as proof of the matter asserted" (Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 205 [citation omitted]; see JPMorgan Chase Bank, N.A. v Grennan, 175 AD3d 1513, 1516). "While a witness may read into the record from the contents of a document which has been admitted into evidence, a witness's description of a document not admitted into evidence is hearsay" (U.S. Bank N.A. v 22 S. Madison, LLC, 170 AD3d 772, 774 [citation omitted]; see JPMorgan Chase Bank, N.A. v Grennan, 175 AD3d at 1516-1517). Thus, Lee's assertions as to the contents of the plaintiff's records were "inadmissible hearsay to the extent that the records she purport[ed] to describe were not submitted with her affidavit" (U.S. Bank N.A. v 22 S. Madison, LLC, 170 AD3d at 774). Moreover, while "a witness may always testify as to matters which are within his or her personal knowledge through personal observation" (Bank of N.Y. Mellon v Gordon, 171 AD3d at 206), Lee did not attest to such personal knowledge regarding the physical whereabouts of the consolidated note during the relevant time (see JPMorgan Chase Bank, N.A. v Grennan, 175 AD3d at 1517). Accordingly, the Supreme Court properly denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference.
Notwithstanding the foregoing, the Supreme Court erred in determining that the defendant was entitled to summary judgment dismissing the complaint insofar as asserted against him on the ground of lack of standing. "On a cross motion for summary judgment dismissing the complaint based upon the plaintiff's alleged lack of standing, the burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing, rather than on the plaintiff to affirmatively establish its standing in order for the motion to be denied" (Deutsche Bank Natl. Trust Co. v Dennis, 181 AD3d at 870 [internal quotation marks omitted]; see Deutsche Bank Trust Co. Ams. v Vitellas, 131 AD3d 52, 59-60). "To defeat a defendant's motion, the plaintiff has no burden of establishing its standing as a matter of law" (Deutsche Bank Trust Co. Ams. v Vitellas, 131 AD3d at 60). "[A] party cannot succeed on a motion for summary judgment by simply pointing out gaps in the opposing party's case" (Citibank, N.A. v Conti-Scheurer, 172 AD3d at 24; see Deutsche Bank Natl. Trust Co. v Dennis, 181 AD3d at 870).
At issue on this appeal is the consolidated note, of which, as the originator of the consolidated loan, the plaintiff had physical possession as of January 14, 2009, the date the defendant executed the consolidated note and delivered it to the plaintiff. The defendant does not dispute that the plaintiff is the holder of the CEMA and, at least as of January 14, 2009, of the consolidated note. Since "the holder of a CEMA and consolidated note need not prove its interest with respect to each of the notes which are the subject of the consolidation" (PennyMac Corp. v Arora, 184 AD3d at 654; see Marchai Props., L.P. v Fu, 171 AD3d 722, 724), the defendant's contentions regarding the plaintiff's interest in the first note, the validity of the allonge thereto, and the "chain of title on the notes used under the 2009 CEMA" were irrelevant. Likewise, "[s]ince the plaintiff does not base [*4]its claim of standing on an assignment of the note, but on its purported physical possession thereof" (Deutsche Bank Natl. Trust Co. v Dennis, 181 AD3d at 869), the defendant's arguments regarding assignments were similarly irrelevant (see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 362). The defendant's allegations regarding fraud also pertained to the superseded first and second notes and, consequently, were irrelevant.
Since the defendant failed to establish his prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against him (see Zuckerman v City of New York, 49 NY2d 557, 562), the Supreme Court should have denied that branch of his cross motion.
LASALLE, P.J., MILLER, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court