HSBC Bank USA, N.A. v Butt (2021 NY Slip Op 05958)





HSBC Bank USA, N.A. v Butt


2021 NY Slip Op 05958


Decided on November 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
FRANCESCA E. CONNOLLY
WILLIAM G. FORD, JJ.


2018-02932
2018-02933
2019-11332
 (Index No. 22495/13)

[*1]HSBC Bank USA, N.A., respondent, 
v
Abid Butt, appellant, et al., defendants.


Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for appellant.
Rosicki, Rosicki & Associates, P.C. (Reed Smith LLP, New York, NY [Andrew B. Messite and Michael V. Margarella], of counsel), for respondent.
In an action to foreclose a mortgage, the defendant Abid Butt appeals from (1) an order of the Supreme Court, Queens County (Chereé A. Buggs, J.), entered December 13, 2017, (2) an order of the same court entered December 28, 2017, and (3) an order and judgment of foreclosure and sale (one paper) of the same court entered July 23, 2019. The order entered December 13, 2017, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Abid Butt, to strike that defendant's answer, and for an order of reference. The order entered December 28, 2017, insofar as appealed from, granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff. The order and judgment of foreclosure and sale, upon the orders, inter alia, confirmed the referee's report and directed the sale of the subject property.



DECISION & ORDER
By order to show cause dated March 8, 2021, the parties to the appeals were directed to show cause before this Court why an order should not be made and entered dismissing the appeals from the orders on the ground that the right of direct appeal from the orders terminated upon entry of the order and judgment of foreclosure and sale. By decision and order on motion of this Court dated April 21, 2021, the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the order show cause and the papers filed in response thereto, and upon the argument of the appeals, it is
ORDERED that the motion to dismiss the appeals from the orders is granted; and it is further,
ORDERED that the appeals from the orders entered December 13, 2017, and December 28, 2017, are dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is affirmed; and it is [*2]further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeals from the orders entered December 13, 2017, and December 28, 2017, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]).
On December 20, 2006, the defendant Abid Butt (hereinafter the defendant) executed a note in the amount of $596,000 in favor of nonparty New Century Mortgage Corporation (hereinafter New Century). The note was secured by a mortgage on certain real property located in Queens.
On December 10, 2013, the plaintiff, HSBC Bank USA, N.A., New Century's successor in interest, commenced the instant action to foreclose the mortgage against the defendant, among others. On or about June 9, 2017, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference. In support of its motion, the plaintiff submitted the affidavit of Richard L. Penno, vice president of loan documentation for Wells Fargo Bank, N.A. (hereinafter Wells Fargo), the plaintiff's loan servicer. Penno stated that he was familiar with Wells Fargo's records and record-keeping practices. He further stated that Wells Fargo "mailed a 90-day notice dated July 19, 2013, as described in Real Property Actions and Proceedings Law ("RPAPL") § 1304, to the Borrowers at the Property, by both certified and first-class mail." He described the standard office procedure designed to ensure the mailing of such notices, which included the use of third-party software known as "TrackRight" to "memorialize" the mailings.
Penno attached a TrackRight report to his affidavit. The bottom of the page states "Copyright (c) 2016 Walz Group, Inc." The TrackRight report refers to the creation of a Mailbook on July 22, 2013, as a "Walz Event." The plaintiff also submitted a certified mail return receipt signed by the defendant. The plaintiff further submitted a record regarding Postal Service Form
3877, which states "RR Donnelley, 1530 Antioch Pike, Antioch TN 37013" as a heading. This document indicates that a notice was mailed by first-class mail.
The defendant opposed the motion, contending that the plaintiff failed to comply with RPAPL 1304. The defendant argued that "Wells Fargo did not perform the alleged mailings of RPAPL 1304 notices, and instead outsourced said work to a company called 'Walz' and another company called 'RR Donnelly'" (emphasis in original). The Supreme Court granted the plaintiff's motion. In an order and judgment of foreclosure and sale, the court, inter alia, confirmed the referee's report and directed the sale of the subject property. The defendant appeals.
RPAPL 1304(1) provides that "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower . . . , including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." "Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20). RPAPL 1304(2) requires that the notice be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower. The plaintiff can establish strict compliance with RPAPL 1304 by submitting domestic return receipts, proof of a standard office procedure designed to ensure that items are properly addressed and mailed, or an affidavit from someone with personal knowledge that the mailing of the RPAPL 1304 notice actually happened (see Citibank, N.A. v Conti-Scheurer, 172 AD3d at 21).
Here, the plaintiff established, prima facie, its strict compliance with RPAPL 1304 by submitting a domestic return receipt signed by the defendant (see Wilmington Sav. Fund Socy., FSB v Hershkowitz, 189 AD3d 1126, 1129), and the affidavit of Penno, which established proof of a standard office procedure designed to ensure that items are properly addressed and mailed (see U.S. [*3]Bank N.A. v Panzer, 189 AD3d 1109, 1111).
Contrary to the defendant's contention, the RR Donnelley marketing materials he submitted were insufficient to raise a triable issue of fact as to whether the plaintiff or its servicer complied with RPAPL 1304. Thus, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference.
Accordingly, we affirm the order and judgment of foreclosure and sale.
RIVERA, J.P., AUSTIN, CONNOLLY and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court