U.S. Bank N.A. v Adams (2022 NY Slip Op 00896)





U.S. Bank N.A. v Adams


2022 NY Slip Op 00896


Decided on February 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER
LARA J. GENOVESI, JJ.


2018-08779
 (Index No. 504715/14)

[*1]U.S. Bank National Association, etc., respondent,
v
Joycelyn Adams, appellant, et al., defendants. Michael Kennedy Karlson, New York, NY, for appellant.


Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (Gregg L. Verrilli of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Joycelyn Adams appeals from a judgment of foreclosure and sale of the Supreme Court, Kings County (Noach Dear, J.), dated May 15, 2018. The judgment of foreclosure and sale, upon (1) an order of the same court dated May 22, 2017, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Joycelyn Adams, to strike that defendant's answer, and for an order of reference, and (2) an order of the same court dated May 15, 2018, modifying the amount due and owing to the plaintiff as calculated by the referee to exclude the cost of hazard insurance and granting the plaintiff's motion for a judgment of foreclosure and sale, among other things, confirmed the referee's report as modified and directed the sale of the subject property.
ORDERED that the judgment of foreclosure and sale is reversed, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Joycelyn Adams, to strike that defendant's answer, and for an order of reference are denied, the plaintiff's motion for a judgment of foreclosure and sale is denied, and the orders dated May 22, 2017, and May 15, 2018, are modified accordingly.
On November 3, 2006, the defendant Joycelyn Adams executed a note with Cambridge Home Capital, LLC, a New York Limited Liability Company (hereinafter Cambridge), in the sum of $644,000. The note was secured by a mortgage on real property located in Brooklyn. Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), was named as the nominee for Cambridge on the mortgage. In 2009, MERS, as nominee for Cambridge, assigned the mortgage to Wells Fargo Bank, N.A. (hereinafter Wells Fargo). In 2010, the loan was modified pursuant to a Home Affordable Modification Agreement. By summons and complaint dated April 24, 2014, Wells Fargo commenced this action to foreclose the mortgage against, among others, Adams. In 2016, Wells Fargo assigned the mortgage to the plaintiff.
The plaintiff moved (1) for summary judgment on the complaint, (2) to strike Adams's answer, (3) for leave to enter a default judgment against the nonappearing defendants, (4) to amend the caption, inter alia, to substitute the plaintiff for Wells Fargo, and (5) to appoint a referee to compute the amount due and owing to the plaintiff. In an order dated May 22, 2017, the Supreme Court granted the plaintiff's motion and referred the matter to a referee to ascertain and [*2]compute the amount due and owing to the plaintiff. The plaintiff moved for a judgment of foreclosure and sale and to confirm the referee's report. In an order dated May 15, 2018, the court modified the referee's computation of the amount due and owing to the plaintiff to exclude the cost of hazard insurance, and granted the plaintiff's motion for a judgment of foreclosure and sale. In a judgment of foreclosure and sale, the court, among other things, confirmed the referee's report as modified and directed the sale of the subject property. Adams appeals from the judgment of foreclosure and sale.
Pursuant to RPAPL 1304(1), "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, or borrowers at the property address and any other address of record, including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." The RPAPL 1304 notice must be sent "by registered or certified mail and also by first-class mail to the last known address of the borrower, and to the residence that is the subject of the mortgage" (id. § 1304[2]). "Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action" (HSBC Bank USA, N.A. v Butt, 199 AD3d 662, 664 [internal quotation marks omitted]). "A plaintiff demonstrates its compliance with the statute by proof of the requisite mailing, which can be established [by] proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (U.S. Bank N.A. v Pickering-Robinson, 197 AD3d 757, 759 [internal quotation marks omitted]; see CIT Bank N.A. v Schiffman, 36 NY3d 550, 555).
"There is no requirement that a plaintiff in a foreclosure action rely on any particular set of business records to establish a prima facie case, so long as the plaintiff satisfies the admissibility requirements of CPLR 4518(a), and the records themselves actually evince the facts for which they are relied upon" (U.S. Bank N.A. v Pickering-Robinson, 197 AD3d at 759 [internal quotation marks omitted]). "[A]s a general rule, the mere filing of papers received from other entities, even if they are retained in the regular course of business, is insufficient to qualify the documents as business records" (Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 209 [internal quotation marks omitted]). "However, such records may be admitted into evidence if the recipient can establish personal knowledge of the maker's business practices and procedures, or establish that the records provided by the maker were incorporated into the recipient's own records and routinely relied upon by the recipient in its own business" (id. at 209).
Here, the plaintiff failed to demonstrate, prima facie, strict compliance with RPAPL 1304. As an initial note, contrary to Adams's contention, the plaintiff's failure to rely on documents generated by the United States Postal Service was not fatal to its motion. The plaintiff was not required to submit any particular documents, so long as the documents submitted were admissible and "actually evince[d] the facts for which they [were] relied upon" (U.S. Bank N.A. v Pickering-Robinson, 197 AD3d at 759 [internal quotation marks omitted]).
However, Adams correctly contends that the plaintiff did not establish "proof of the requisite mailing" (id. [internal quotation marks omitted]). The plaintiff did not submit affidavits of mailing or return receipts signed by Adams. The witnesses from whom it submitted affidavits had no personal knowledge of the mailings, and the tracking information printouts were inadmissible and thus could not be used to establish actual mailing (see id.). The tracking information printouts stated that the mailings were done by "Walz Facility," but neither of the plaintiff's witnesses attested to personal knowledge of Walz Facility's "business practices and procedures" (Bank of N.Y. Mellon v Gordon, 171 AD3d at 209). Nor did they attest that the tracking information documents were incorporated into their respective employers' records and relied upon by their employers in their own businesses (see id.). The plaintiff also did not establish compliance with RPAPL 1304 through "proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (U.S. Bank N.A. v Pickering-Robinson, 197 AD3d at 759 [internal quotation marks omitted]).
Finally, the plaintiff did not establish compliance with RPAPL 1304 through Adams's [*3]failure to respond to discovery requests. Contrary to Adams's contention, the plaintiff was not required to submit a good faith affirmation pursuant to 22 NYCRR 202.7[a][2], as that provision does not apply to a motion for summary judgment (see Piemonte v JSF Realty, LLC, 140 AD3d 1145, 1146). Adams correctly contends, however, that the plaintiff's use of a notice to admit was improper and unavailing under the circumstances. Because Adams asserted in her verified answer that Wells Fargo, who initiated this action, had not mailed the 90-day notices required by RPAPL 1304, the plaintiff could not have "reasonably believe[d] there [could] be no substantial dispute at the trial" as to this issue (CPLR 3123[a]; see 32nd Ave. LLC v Angelo Holding Corp., 134 AD3d 696, 698).
Accordingly, the plaintiff failed to establish, prima facie, compliance with RPAPL 1304 through proof of actual mailing, proof of standard office mailing procedure, or its notices to admit. Because the plaintiff failed to meet its prima facie burden, the Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against Adams, without regard to the sufficiency of Adams's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
However, contrary to Adams's contention, the plaintiff demonstrated its compliance with RPAPL 1306. Here, the plaintiff demonstrated compliance with RPAPL 1306 by submitting a copy of a proof of filing statement from the New York State Department of Financial Services indicating that, on March 24, 2014, the plaintiff had filed the information required by RPAPL 1306.
In opposition, Adams failed to raise a triable issue of fact as to the plaintiff's compliance with RPAPL 1306 (see U.S. Bank Trust, N.A. v Mehl, 195 AD3d 1054). The plaintiff's failure to indicate that the loan was modified does not render the filing insufficient to satisfy the requirements of RPAPL 1306. "[T]he clearest indicator of legislative intent is the statutory text, the starting point in any case of interpretation must always be the language itself" (CIT Bank N.A. v Schiffman, 36 NY3d at 559, quoting Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583). RPAPL 1306(2) specifically requires the filing of information that "will enable the superintendent to ascertain the type of loan at issue" (emphasis added) and states that the data collected shall be used to "perform an analysis of loan types" (id. § 1306[4]) and to direct appropriate services to borrowers in need. Here, the Proof of Filing Statement provides that information, indicating that the loan is "Fixed Rate" and "1st Lien." Plainly stated, a loan modification is not a "type of loan." Whether or not a borrower attempted to modify the loan prior to commencement of a foreclosure action does not affect the risk of foreclosure. The need for foreclosure prevention or counseling services remains the same.
In light of the foregoing, we need not reach Adams's remaining contentions.
CONNOLLY, J.P., HINDS-RADIX, MILLER and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court