Bethpage Fed. Credit Union v Hernon (2023 NY Slip Op 02638)

Bethpage Fed. Credit Union v Hernon

2023 NY Slip Op 02638

Decided on May 17, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
JOSEPH A. ZAYAS
JANICE A. TAYLOR, JJ.

2019-14190
2020-05154
 (Index No. 607252/15)

[*1]Bethpage Federal Credit Union, appellant, 
v
Timothy Hernon, et al., respondents, et al., defendants.

Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Joseph F. Battista and Leah Lenz of counsel), for appellant.
Law Offices of Michael J. Alber, P.C., Huntington Station, NY (Steven Zalewski of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated November 4, 2019, and (2) an order of the same court dated March 9, 2020. The order dated November 4, 2019, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Timothy Hernon and Joann Hernon, to strike those defendants' answer, and for an order of reference. The order dated March 9, 2020, insofar as appealed from, denied that branch of the plaintiff's motion which was for leave to reargue those branches of its prior motion which were for summary judgment on the complaint insofar as asserted against the defendants Timothy Hernon and Joann Hernon, to strike those defendants' answer, and for an order of reference, and, in effect, denied that branch of the plaintiff's motion which was for leave to renew those branches of its prior motion which were for summary judgment on the complaint insofar as asserted against those defendants, to strike those defendants' answer, and for an order of reference.
ORDERED that the order dated November 4, 2019, is affirmed insofar as appealed from; and it is further,
ORDERED that the appeal from so much of the order dated March 9, 2020, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order dated March 9, 2020, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendants Timothy Hernon and Joann Hernon.
In July 2015, the plaintiff commenced this action against, among others, the defendants Timothy Hernon and Joann Hernon (hereinafter together the defendants), inter alia, to foreclose a mortgage on residential property located in Islip. The defendants interposed an answer in which they asserted various affirmative defenses, including that the plaintiff failed to comply with RPAPL 1304.
In March 2019, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference. In an order dated November 4, 2019, the Supreme Court, among other things, denied those branches of the plaintiff's motion, determining that the plaintiff failed to establish that it complied with RPAPL 1304. The plaintiff subsequently moved, inter alia, for leave to renew those branches of its prior motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference. In an order dated March 9, 2020, the court, among other things, in effect, denied that branch of the plaintiff's motion which was for leave to renew. The plaintiff appeals from the order dated November 4, 2019, and the order dated March 9, 2020.
"Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (Wells Fargo Bank, N.A. v Yapkowitz, 199 AD3d 126, 131-132 [citations and internal quotation marks omitted]). Pursuant to RPAPL 1304(1), "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, or borrowers at the property address and any other address of record, including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." "RPAPL 1304(2) requires that the notice be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower and to the residence that is the subject of the mortgage" (Caliber Home Loans, Inc. v Weinstein, 197 AD3d 1232, 1236).
"A plaintiff demonstrates its compliance with the statute 'by proof of the requisite mailing, which can be established [by] proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure'" (U.S. Bank N.A. v Pickering-Robinson, 197 AD3d 757, 759, quoting Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 21; see Caliber Home Loans, Inc. v Weinstein, 197 AD3d at 1236). "Evidence of an established and regularly followed office procedure may give rise to a rebuttable presumption that such a notification was mailed to and received by the [intended recipient]" (CIT Bank N.A. v Schiffman, 36 NY3d 550, 556 [citation and internal quotation marks omitted]; see Federal Natl. Mtge. Assn. v Raja, 211 AD3d 692, 695; Wells Fargo Bank, N.A. v Shields, 201 AD3d 1007, 1009). "'[I]n order for the presumption to arise, [the] office practice must be geared so as to ensure the likelihood that [the] notice . . . is always properly addressed and mailed'" (CIT Bank N.A. v Schiffman, 36 NY3d at 556, quoting Nassau Ins. Co. v Murray, 46 NY2d 828, 830; see Federal Natl. Mtge. Assn. v Raja, 211 AD3d at 695; Wells Fargo Bank, N.A. v Shields, 201 AD3d at 1009). "Such proof need not be supplied by the employee charged with mailing the document but can be offered in the form of an affidavit of an employee with personal knowledge of the practices utilized by the [company] at the time of the alleged mailing" (CIT Bank N.A. v Schiffman, 36 NY3d at 556 [citation and internal quotation marks omitted]).
Here, an affidavit from William Godfrey, a senior manager of the plaintiff, was insufficient to establish that the RPAPL 1304 notices were properly mailed, because his affidavit did not contain proof of the plaintiff's standard office mailing procedure at the time the RPAPL 1304 notices allegedly were sent (see HSBC Bank USA, N.A. v Michalczyk, 211 AD3d 914, 919; Capital One, N.A. v Liman, 193 AD3d 808, 810). Although Godfrey averred that loan records reflected that the plaintiff followed its standard practice with respect to mailing the RPAPL 1304 notices, those records were not attached to Godfrey's affidavit, and as such, Godfrey's statements regarding them constitute inadmissible hearsay, lacking probative value (see Deutsche Bank Natl. Trust Co. v Elshiekh, 179 AD3d 1017, 1021; JPMorgan Chase Bank, N.A. v Grennan, 175 AD3d 1513, 1517). Further, the plaintiff did not provide proof of actual mailing, such as affidavits of mailing or [*2]domestic return receipts with attendant signatures. Because the plaintiff "failed to provide proof of the actual mailing, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure, the plaintiff failed to establish its strict compliance with RPAPL 1304" and, therefore, failed to establish, prima facie, its entitlement to judgment as a matter of law (Citibank, N.A. v Conti-Scheurer, 172 AD3d at 21). Accordingly, the Supreme Court properly denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference, regardless of the sufficiency of the defendants' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Further, the Supreme Court properly denied that branch of the plaintiff's motion which was for leave to renew those branches of its prior motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer, and for an order of reference. A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination" (CPLR 2221[e][2]). Contrary to the plaintiff's contention, it did not show that there had been a change in the law so as to warrant renewal of the subject branches of its prior motion (see id. § 2221[e]; PHH Mtge. Corp. v Shouela, 210 AD3d 815, 816).
The parties' remaining contentions need not be reached in light of our determination.
CONNOLLY, J.P., MALTESE, ZAYAS and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court