Bank of Am., N.A. v Sach (2024 NY Slip Op 04300)

Bank of Am., N.A. v Sach

2024 NY Slip Op 04300

Decided on August 28, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 28, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
LILLIAN WAN, JJ.

2020-09720
 (Index No. 135065/18)

[*1]Bank of America, N.A., appellant, 
v
Mary Ellen Sach, et al., respondents, et al., defendants.

Frenkel, Lambert, Weiss, Weisman & Gordon LLP (Winston & Strawn LLP, New York, NY [Jason R. Lipkin and Michael E. Blaine], of counsel), for appellant.
Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi of counsel), for respondents.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Richmond County (Desmond A. Green, J.), dated November 23, 2020. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Mary Ellen Sach and Robert Sach, to strike those defendants' answer, and for an order of reference.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against the defendants Mary Ellen Sach and Robert Sach (hereinafter together the defendants), among others, to foreclose a mortgage on certain residential property located in Staten Island. The defendants interposed an answer in which they asserted various affirmative defenses, including the plaintiff's failure to comply with RPAPL 1304 and 1306 and the notice provisions of the mortgage. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' answer, and for an order of reference. The Supreme Court denied those branches of the plaintiff's motion on the ground that the plaintiff failed to demonstrate its compliance with RPAPL 1306. The plaintiff appeals.
The Supreme Court erred in determining that the plaintiff's electronic filing pursuant to RPAPL 1306 failed to comply with that statute because it contained information only about one borrower (see CIT Bank N.A. v Schiffman, 36 NY3d 550, 560). However, the defendants contend, as they did in the Supreme Court, that the plaintiff failed to establish that it complied with RPAPL 1304 and the notice provisions of the mortgage. Contrary to the plaintiff's contention, those issues are properly before this Court as alternate grounds for affirmance (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539; Delzotti v Bowers, 219 AD3d 967, 969).
"Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action" (HSBC Bank USA, N.A. v Butt, 199 AD3d 662, 664 [internal quotation marks omitted]). To strictly comply with the statute, the RPAPL 1304 notice must be sent "by registered or certified mail and also by first-class mail to the last known address of the borrower, and to the residence that is the subject of the mortgage" (RPAPL 1304[2]). A plaintiff demonstrates that it complied with the mailing requirements of RPAPL 1304 by "proof of the actual mailings . . . or proof of a standard office mailing procedure designed to [*2]ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (Bethpage Fed. Credit Union v Hernon, 216 AD3d 895, 896 [internal quotation marks omitted]; see CIT Bank N.A. v Schiffman, 36 NY3d at 556).
Here, the plaintiff failed to demonstrate, prima facie, its compliance with RPAPL 1304. Although the plaintiff submitted evidence of actual mailing in the form of United States Postal Service tracking records with respect to the required certified mailing, it failed to submit admissible evidence of actual first-class mailing. In that respect, the plaintiff submitted a tracking report created by Walz Group, Inc. (hereinafter Walz Group), a third-party vendor that apparently sent the RPAPL 1304 notices on behalf of the plaintiff, but failed to demonstrate either personal knowledge of Walz Group's business practices or that the tracking report was incorporated into the plaintiff's records and routinely relied upon by the plaintiff in its own business so as to properly lay a foundation for the document (see US Bank N.A. v Okoye-Oyibo, 213 AD3d 718, 721; U.S. Bank N.A. v Adams, 202 AD3d 867, 869; Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 209-210). The plaintiff additionally failed to demonstrate its compliance with RPAPL 1304 through proof of a standard office mailing procedure inasmuch as the representative of the plaintiff who submitted an affidavit in support of the plaintiff's motion did not aver to having any personal knowledge of Walz Group's mailing practices and procedures (see U.S. Bank N.A. v Adams, 202 AD3d at 869).
For the same reasons, the plaintiff failed to establish, prima facie, that a notice of default in accordance with the mortgage was properly transmitted to the defendants prior to the commencement of this action (see US Bank N.A. v Okoye-Oyibo, 213 AD3d at 721).
Accordingly, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' answer, and for an order of reference were properly denied.
In light of our determination, we need not reach the defendants' remaining contentions.
IANNACCI, J.P., CHAMBERS, MALTESE and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court