NS194, LLC v Gregg (2024 NY Slip Op 05351)

NS194, LLC v Gregg

2024 NY Slip Op 05351

Decided on October 30, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 30, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2022-07044
 (Index No. 719644/21)

[*1]NS194, LLC, appellant, 
v
Sylvester Gregg, respondent, et al., defendants.

Richland & Falkowski, PLLC, Long Island City, NY (Daniel H. Richland of counsel), for appellant.
Law Office of Abel L. Pierre, P.C., New York, NY, for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Tracy Catapano-Fox, J.), entered August 10, 2022. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Sylvester Gregg and for an order of reference.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against the defendant Sylvester Gregg (hereinafter the defendant), among others, to foreclose a mortgage on certain property located in Rosedale. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. In an order entered August 10, 2022, the Supreme Court, among other things, denied those branches of the plaintiff's motion, concluding that triable issues of fact existed regarding the plaintiff's compliance with RPAPL 1304. The plaintiff appeals.
Pursuant to RPAPL 1304(1), "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, or borrowers at the property address and any other address of record, including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." The RPAPL 1304 notice must be sent "by registered or certified mail and also by first-class mail to the last known address of the borrower, and to the residence that is the subject of the mortgage" (id. § 1304[2]). "Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action" (U.S. Bank N.A. v Adams, 202 AD3d 867, 868 [internal quotation marks omitted]; see Freedom Mtge. Corp. v King, 215 AD3d 923, 925). "A plaintiff demonstrates its compliance with the statute by proof of the requisite mailing, which can be established [by] proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (U.S. Bank N.A. v Adams, 202 AD3d at 868 [internal quotation marks omitted]; see CIT Bank N.A. v Schiffman, 36 NY3d 550, 556).
Here, the plaintiff failed to establish, prima facie, that it strictly complied with RPAPL 1304. In support of its motion, the plaintiff submitted, inter alia, an affidavit from Thomas [*2]O'Connell, an employee of Planet Home Lending, LLC, the plaintiff's current loan servicer, along with copies of the 90-day notice, which were generated by the plaintiff's prior loan servicer, SN Servicing Corporation (hereinafter SN Servicing), along with SN Servicing's alleged mailing log. Although O'Connell laid a proper foundation for the admission of the business records upon which he relied, including the records of SN Servicing (see U.S. Bank Trust, N.A. v Bank of Am., N.A., 201 AD3d 769, 772), those records only established that the 90-day notice was mailed to the defendant by certified mail. They did not establish that the 90-day notice was actually mailed to the defendant by first-class mail (see Federal Natl. Mtge. Assn. v Raja, 211 AD3d 692, 696; US Bank N.A. v Pierre, 189 AD3d 1309, 1311-1312). O'Connell's affidavit was insufficient to establish proof of SN Servicing's standard office mailing procedure designed to ensure that items are properly addressed and mailed. Although O'Connell described SN Servicing's purported mailing practices and procedures at the time the 90-day notices were allegedly sent, these statements carried no probative value, as O'Connell never stated that he worked for SN Servicing or otherwise indicated how he acquired familiarity with SN Servicing's standard mailing practices and procedures during the relevant time period (see generally CIT Bank N.A. v Schiffman, 36 NY3d at 556; Ditech Servicing, LLC v McFadden, 217 AD3d 923, 926; Bethpage Fed. Credit Union v Hernon, 216 AD3d 895, 897). To the extent that O'Connell relied upon business records to acquire familiarity with SN Servicing's standard mailing practices and procedures, those business records were not attached to O'Connell's affidavit (see generally Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 206).
Accordingly, since the plaintiff failed to satisfy its prima facie burden with respect to its strict compliance with RPAPL 1304, those branches of its motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference were properly denied regardless of the sufficiency of the defendant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of our determination, we need not reach the parties' remaining contentions.
CONNOLLY, J.P., CHRISTOPHER, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court