US Bank N.A. v Okeke (2025 NY Slip Op 07120)

US Bank N.A. v Okeke

2025 NY Slip Op 07120

Decided on December 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 18, 2025

Before: Webber, J.P., Gesmer, González, Pitt-Burke, Higgitt, JJ. 

Index No. 380322/09|Appeal No. 5414|Case No. 2024-07022|

[*1]US Bank National Association etc., Plaintiff-Appellant,
v
Evelyn Okeke, Defendant-Respondent, First Community Industrial Bank et al., Defendants.

Robertson Anschutz Schneid Crane & Partners, PLLC, Westbury (Joseph F. Battista of counsel), for appellant.
David J. Broderick LLC, Forest Hills (David Broderick of counsel), for respondent.

Order, Supreme Court, Bronx County (Kim Adair Wilson, J.), entered on or about October 23, 2024, which, to the extent appealed from as limited by the briefs, on remand and after a traverse hearing, found that defendant's motion to strike the complaint was properly served on plaintiff, unanimously affirmed, with costs.
Defendant established by a preponderance of the evidence that her motion to strike the complaint was properly served. CPLR 2103(b)(2) permits service of motion papers by mail, and service is "complete upon mailing" (see Engel v Lichterman, 62 NY2d 943, 945 [1984]). Defendant's affirmation of service was neither defective nor suspect and tends to support the finding that the papers were in fact mailed.
The court had ample basis to credit the testimony of defendant's attorney, David Broderick, Esq., whether that he had served defendant's motion papers upon plaintiff. Although Broderick testified in 2023, roughly six years after he purportedly served plaintiff with the papers on June 15, 2017, Broderick provided a detailed description of what transpired on that date. Broderick's correspondence with plaintiff's then-counsel, Gross Polowy, shortly after July 19, 2017, when Gross Polowy purportedly first learned of the motion, as well as Gross Polowy's motion to vacate, gave Broderick occasion to recall the events. In addition, other circumstances bolstered Broderick's credibility. These included his own affirmation of service, which he testified that he drafted immediately after he mailed the papers, and a receipt from Stamps.com, indicating that a package was mailed to Gross Polowy's offices. Although defendant's records from Stamps.com were not routinely retained and relied upon in counsel's ordinary course of business (see U.S. Bank N.A. v Adams, 202 AD3d 867, 869 [2d Dept 2022]), the records sufficed to corroborate Broderick's independent recollection that he mailed a package to Gross Polowy's offices at the correct address.
The court also properly declined to disqualify Broderick's testimony based on rule 3.7 of the Rules of Professional Conduct (22 NYCRR 1200.0), as the subject matter on which Broderick testified went solely to a law office mailing, a ministerial matter concerning office procedure (see Matter of Moccio, 177 AD2d 627, 629 [2d Dept 1991]). In addition, because Broderick purportedly mailed the motion papers himself, no one else could have testified about the matter.
The court afforded the proper weight and consideration of the testimony of the Gross Polowy's employees. While the employees independently testified to the practice regarding motion intake, this evidence consisted largely of the employees testifying as to their firm's general records practice, i.e. mail sorting, scanning procedures and logging in of motions. As stated by the court, this testimony did not "invariably demonstrate that the papers were not served." Accordingly, the court properly concluded that plaintiff's circumstantial evidence of non-receipt was insufficient to overcome defendant's evidence of actual mailing.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 18, 2025