Deutsche Bank Natl. Trust Co. v Benson
2026 NY Slip Op 02628
April 29, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Deutsche Bank National Trust Company, etc., respondent,
v
Andrew Benson, etc., appellant, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on April 29, 2026
2024-03111, 2024-05785, (Index No. 54081/17)
Francesca E. Connolly, J.P.
Linda Christopher
Helen Voutsinas
Phillip Hom, JJ.

Charles A. Higgs, Bedford Hills, NY, for appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Chong S. Lim of counsel), for respondent.

[*1]
DECISION & ORDER
In an action to foreclose a mortgage, the defendant Andrew Benson appeals from two orders of the Supreme Court, Westchester County (Alexandra D. Murphy, J.), both dated November 27, 2023. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Andrew Benson and for an order of reference. The second order, insofar as appealed from, granted the same relief to the plaintiff and appointed a referee to compute the amounts due to the plaintiff.
ORDERED that the orders are reversed insofar as appealed from, on the law, with one bill of costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Andrew Benson and for an order of reference are denied.
In March 2017, the plaintiff commenced this action against, among others, the defendant Andrew Benson (hereinafter the defendant) to foreclose a mortgage on certain real property located in North Salem. In April 2023, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. In support of the motion, the plaintiff submitted, among other things, an affidavit of mailing of Britney Fisher, a document execution associate of Nationstar Mortgage, LLC (hereinafter Nationstar), the plaintiff's servicer (hereinafter the Fisher affidavit). Fisher stated that the RPAPL 1304 notices were mailed by a third-party vendor named LenderLive, LLC (hereinafter LenderLive). The defendant opposed the motion, arguing, inter alia, that the Fisher affidavit was inadmissible hearsay because Fisher was an employee of Nationstar, not LenderLive. Thereafter, the plaintiff withdrew the motion.
In July 2023, the plaintiff again moved, among other things, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. In support of the motion, the plaintiff submitted, inter alia, an affidavit of Takesha Bryan, another document execution associate of Nationstar, sworn to on June 6, 2023 (hereinafter the Bryan affidavit). Bryan stated that the RPAPL 1304 notices were mailed by Nationstar employees and described the [*2]procedures that were followed. The defendant opposed the motion, arguing, among other things, that the Bryan affidavit contradicted the Fisher affidavit, which was submitted with the plaintiff's first motion, inter alia, for summary judgment and stated that the RPAPL 1304 notices were mailed by LenderLive. The defendant further argued that the contradiction demonstrated that the Bryan affidavit was unreliable and that a triable issue of fact existed regarding the RPAPL 1304 notices.
In reply, the plaintiff's counsel explained that the plaintiff withdrew the first motion upon learning that the Fisher affidavit had incorrectly stated that the RPAPL 1304 notices were mailed by LenderLive. Counsel further explained that Nationstar does on occasion use LenderLive to mail foreclosure notices, but the notices in this case were mailed in-house by Nationstar.
In an order dated November 27, 2023, the Supreme Court, among other things, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. In a second order dated November 27, 2023, the court, inter alia, granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff. The defendant appeals.
"Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (U.S. Bank N.A. v Sansone, 230 AD3d 1183, 1185 [internal quotation marks omitted]; see U.S. Bank N.A. v McQueen, 221 AD3d 1049, 1050). Pursuant to RPAPL 1304(1), "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, or borrowers at the property address and any other address of record, including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." "RPAPL 1304(2) requires that the notice be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower and to the residence that is the subject of the mortgage" (U.S. Bank N.A. v Sansone, 230 AD3d at 1185 [internal quotation marks omitted]). "A plaintiff demonstrates its compliance with the statute 'by proof of the requisite mailing, which can be established [by] proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure'" (U.S. Bank N.A. v Pickering-Robinson, 197 AD3d 757, 759, quoting Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 21; see U.S. Bank N.A. v Sansone, 230 AD3d at 1185). Where "a defendant raises failure to comply with RPAPL 1304 for the first time in opposition to a summary judgment motion, a plaintiff may establish that it complied with RPAPL 1304 by presenting evidence of compliance in its reply papers" (U.S. Bank Trust, N.A. v Chiramannil, 205 AD3d 966, 968; see Citimortgage, Inc. v Espinal, 134 AD3d 876, 879).
Here, the plaintiff submitted, among other things, the Bryan affidavit, wherein Bryan attested that the RPAPL 1304 notices were mailed by Nationstar employees and described the standard office procedure for mailing the notices. Annexed to the Bryan affidavit were copies of four 90-day letters and the comment log printout. The Bryan affidavit, together with the annexed letters and comment log printout, were sufficient to establish "'proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure'" (U.S. Bank N.A. v Pickering-Robinson, 197 AD3d at 759, quoting Citibank, N.A. v Conti-Scheurer, 172 AD3d at 21; see U.S. Bank N.A. v Sansone, 230 AD3d at 1185).
However, in opposition, the defendant raised a triable issue of fact as to whether the plaintiff complied with RPAPL 1304 by showing that the Bryan affidavit contradicted the previously submitted Fisher affidavit. The affirmation submitted in reply by the plaintiff's counsel, who did not allege personal knowledge of Nationstar's mailing procedures, was insufficient to explain the discrepancies between the affidavits and establish strict compliance with RPAPL 1304 (see Citimortgage, Inc. v Sultan, 230 AD3d 1292, 1294; Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 210).
The plaintiff's contention regarding CPLR 2001 is improperly raised for the first time [*3]on appeal (see Park Premium Enters., Inc. v Norben Lofts, LLC, 220 AD3d 661, 662).
In light of our determination, we need not reach the defendant's remaining contention.
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference.
CONNOLLY, J.P., CHRISTOPHER, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court