Bradley v New Penn Fin., LLC (2021 NY Slip Op 05187)





Bradley v New Penn Fin., LLC


2021 NY Slip Op 05187


Decided on October 1, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, TROUTMAN, AND BANNISTER, JJ.


401 CA 20-01249

[*1]RONALD BRADLEY, ALSO KNOWN AS RON BRADLEY, PLAINTIFF-RESPONDENT,
v
NEW PENN FINANCIAL, LLC, DOING BUSINESS AS SHELLPOINT MORTGAGE SERVICING, DEFENDANT-APPELLANT. 






AKERMAN LLP, NEW YORK CITY (ERIC M. LEVINE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WESTERN NEW YORK LAW CENTER, BUFFALO (KEISHA A. WILLIAMS OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered September 23, 2020. The order denied defendant's motion for summary judgment and granted plaintiff's cross motion for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In 1999, plaintiff borrowed a sum of money from defendant's predecessor in interest and executed a note secured by a mortgage on property in the Town of Lewiston, Niagara County. In December 2009, defendant's predecessor in interest commenced a foreclosure action. In December 2017, defendant's predecessor in interest moved to voluntarily discontinue the foreclosure action. Plaintiff thereafter commenced this action, seeking cancellation and discharge of the mortgage on the ground that any action to enforce the note and foreclose on the mortgage would be time-barred. Defendant counterclaimed for unjust enrichment, based on taxes and insurance premiums it paid on the property. Defendant moved for summary judgment dismissing the complaint, and plaintiff cross-moved for summary judgment granting an order of quiet title and dismissing the counterclaim. Supreme Court denied defendant's motion and granted plaintiff's cross motion. We affirm.
A mortgage foreclosure action is subject to a six-year statute of limitations (see CPLR 213 [4]). Once the debt has been accelerated by a demand, the statute of limitations begins to run on the entire debt (see Federal Natl. Mtge. Assn. v Tortora, 188 AD3d 70, 74 [4th Dept 2020]). Thus, the statute of limitations expired before defendant's predecessor in interest voluntarily discontinued the foreclosure action.
Here, contrary to defendant's contention, the statute of limitations was not renewed upon discontinuation. A lender seeking to revoke acceleration "must do so by an affirmative act of revocation occurring during the six-year statute of limitations period subsequent to the initiation of the prior foreclosure action" (U.S. Bank N.A. v Balderston, 163 AD3d 1482, 1484 [4th Dept 2018] [internal quotation marks omitted]; see U.S. Bank N.A. v Brown, 186 AD3d 1038, 1040 [4th Dept 2020]; NMNT Realty Corp. v Knoxville 2012 Trust, 151 AD3d 1068, 1069-1070 [2d Dept 2017]). Although the voluntary discontinuance constituted an affirmative act of revocation as a matter of law (see Freedom Mtge. Corp. v Engel, 37 NY3d 1, 32 [2021], rearg denied 37 NY3d 926 [2021]), it occurred two years after the expiration of the statute of limitations.
Contrary to defendant's further contention, the statute of limitations was not renewed by payments plaintiff made as part of a conditional offer to modify the mortgage. The statute of [*2]limitations is renewed by partial payments made "under circumstances amounting to an absolute and unqualified acknowledgment by the debtor of more being due, from which a promise may be inferred to pay the remainder" (Business Loan Ctr., Inc. v Wagner, 31 AD3d 1122, 1123 [4th Dept 2006] [internal quotation marks omitted]; see General Obligations Law § 17-107). Here, defendant failed to establish that the trial payments here satisfied that standard inasmuch as "any promise to pay the remainder of the debt that could be inferred in such circumstances would merely be a promise conditioned upon the parties reaching a mutually satisfactory modification agreement" (Nationstar Mtge., LLC v Dorsin, 180 AD3d 1054, 1057 [2d Dept 2020]; see Federal Natl. Mtge. Assn. v Jeanty, 188 AD3d 827, 829-830 [2d Dept 2020]).
To the extent that Wells Fargo Bank N.A. v Grover (165 AD3d 1541 [3d Dept 2018]) held to the contrary, we disagree and decline to follow that decision. We note in any event that the borrower in Grover entered into a modification agreement with the lender pursuant to which he was to make three payments during a trial period. Here, in contrast, plaintiff never executed the proposed trial modification agreements offered to him by defendant.
Finally, we conclude that the court did not err in dismissing the counterclaim. It is well settled that "[t]he existence of a valid and enforceable written contract governing a particular subject matter precludes recovery in quasi-contract or unjust enrichment for occurrences or transactions arising out of the same matter" (Micro-Link, LLC v Town of Amherst, 155 AD3d 1638, 1642 [4th Dept 2017] [internal quotation marks omitted]; see Town of Mexico v County of Oswego, 175 AD3d 876, 877 [4th Dept 2019]). Because the disputed payments of taxes and insurance "fall entirely within the [mortgage] contract, there is no valid claim for unjust enrichment" (Goldman v Metropolitan Life Ins. Co., 5 NY3d 561, 572 [2005]). Contrary to defendant's contention, the counterclaim did not state a cause of action for waste in addition to unjust enrichment. Moreover, defendant never sought to amend the counterclaim to add a cause of action for waste, and instead sought to raise that new cause of action for the first time in opposition to the cross motion (see generally Omar v Moore, 171 AD3d 1533, 1534 [4th Dept 2019]).
Entered: October 1, 2021
Ann Dillon Flynn
Clerk of the Court