U.S. Bank N.A. v Williams Family Trust (2022 NY Slip Op 01063)





U.S. Bank N.A. v Williams Family Trust


2022 NY Slip Op 01063


Decided on February 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2018-01769 
2018-01770
2019-14116
 (Index No. 533/15)

[*1]U.S. Bank N.A., etc., respondent,
v
Williams Family Trust, et al., defendants, Everard Williams, appellant.


Zara Watkins, New York, NY, for appellant.
Eckert Seamans Cherin & Mellott, LLC, White Plains, NY (Geraldine A. Cheverko of counsel), for respondent.
In an action to foreclose a mortgage, the defendant Everard Williams appeals from two orders of the Supreme Court, Nassau County (Thomas A. Adams, J.), both entered December 14, 2017, and an order and judgment of foreclosure and sale (one paper) of the same court entered September 12, 2019. The first order entered December 14, 2017, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike his answer and affirmative defenses, and for an order of reference. The second order entered December 14, 2017, granted that same relief to the plaintiff and appointed a referee to ascertain and compute the amount due to the plaintiff. The order and judgment of foreclosure and sale, upon the orders dated December 14, 2017, among other things, directed the sale of the subject property.



DECISION & ORDER
Motion by the respondent to dismiss the appeals from the orders entered December 14, 2017, on the ground that the right of direct appeal therefrom terminated upon the entry of the order and judgment of foreclosure and sale. By decision and order on motion of this Court dated December 24, 2019, the motion to dismiss the appeals from the orders entered December 14, 2017, was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is
ORDERED that the motion to dismiss the appeals from the orders entered December 14, 2017, is granted; and it is further,
ORDERED that the appeals from the orders entered December 14, 2017, are dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is affirmed; and it is [*2]further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeals from the orders entered December 14, 2017, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Bank of N.Y. Mellon v Viola, 181 AD3d 767, 768). The issues raised on the appeals from the orders are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d 241, 248).
In January 2015, the plaintiff commenced this action against the defendant Everard Williams (hereinafter the defendant), among others, seeking to foreclose a mortgage encumbering property in Valley Stream. The defendant interposed an answer asserting various affirmative defenses. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer and affirmative defenses, and for an order of reference. The defendant opposed the motion, arguing that the plaintiff failed to establish its compliance with RPAPL 1304 and 1306.
In an order entered December 14, 2017, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer and affirmative defenses, and for an order of reference. In a second order, also entered December 14, 2017, the court, among other things, granted that same relief to the plaintiff and referred the matter to a referee to ascertain and compute the amount due to the plaintiff. By order and judgment of foreclosure and sale entered September 12, 2019, the court, upon the orders entered December 14, 2017, inter alia, directed the sale of the subject property. The defendant appeals.
Proper service of a RPAPL 1304 notice containing the statutorily mandated content is a condition precedent to the commencement of a foreclosure action (see Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 103). The statute requires that such notice must be sent by registered or certified mail, and also by first-class mail, to the last known address of the borrower (see RPAPL 1304[2]). "Proof of the requisite mailing is established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (Wells Fargo Bank, NA v Mandrin, 160 AD3d 1014, 1016; see Citibank, N.A. v Conti-Scheurer, 172 AD3d 17).
Here, contrary to the defendant's contention, the plaintiff established, prima facie, its compliance with RPAPL 1304 by submitting copies of the notices themselves and the affidavit of a document control officer of Select Portfolio Servicing, Inc. (hereinafter SPS), the servicer for the loan and U.S. Bank's attorney-in-fact. The document control officer averred that, based upon her review of SPS's business records, the required notice was sent by both certified mail and first-class mail, and further attested to a standard office mailing procedure which was adhered to in this case (see Wells Fargo Bank, N.A. v Pinnock, 197 AD3d 680; cf. Deutsche Bank Natl. Trust Co. v Ezeji, 194 AD3d 909, 911-912). Contrary to the defendant's further contention, the 90-day notices mailed in this case included a list of at least five housing counseling agencies serving the region where the borrower resided (see RPAPL former 1304[2], L 2012, ch 155, § 84; Wells Fargo Bank, N.A. v Cherot, 197 AD3d 773). The plaintiff additionally demonstrated, prima facie, its compliance with RPAPL 1306 by submitting a copy of a proof of filing statement from the New York State Department of Financial Services (see Wilmington Sav. Fund Socy., FSB v Hershkowitz, 189 AD3d 1126, 1128).
In opposition, the defendant failed to raise a triable issue of fact.
The defendant's remaining contention is improperly raised for the first time on appeal.
Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer and affirmative defenses, and for an order of reference.
BARROS, J.P., BRATHWAITE NELSON, MILLER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court