Wells Fargo Bank, N.A. v Cascarano (2022 NY Slip Op 04998)

Wells Fargo Bank, N.A. v Cascarano

2022 NY Slip Op 04998

Decided on August 17, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 17, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
SHERI S. ROMAN
LARA J. GENOVESI, JJ.

2020-00322
 (Index No. 2294/13)

[*1]Wells Fargo Bank, N.A., etc., appellant,
v
Michael S. Cascarano, etc., respondent, et al., defendants.

Reed Smith LLP, New York, NY (Andrew B. Messite and James N. Faller of counsel), for appellant.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Putnam County (Victor G. Grossman, J.), dated September 30, 2015. The order denied the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant Michael S. Cascarano and for an order of reference, and, sua sponte, directed dismissal of the complaint without prejudice.
ORDERED that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed dismissal of the complaint without prejudice is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is modified, on the law, by deleting the provision thereof, sua sponte, directing dismissal of the complaint without prejudice; as so modified, the order is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff commenced this action against the defendant Michael S. Cascarano (hereinafter the defendant), among others, to foreclose a mortgage on residential property located in Putnam County. The defendant interposed an answer in which he asserted various affirmative defenses, including that the plaintiff violated RPAPL 1304. The plaintiff then moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. In an order dated September 30, 2015, the Supreme Court denied the plaintiff's motion on the ground that the plaintiff failed to establish, prima facie, that it strictly complied with RPAPL 1304, and, sua sponte, directed dismissal of the complaint without prejudice. The plaintiff appeals.
"Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (Bank of Am., N.A. v Bittle, 168 AD3d 656, 657 [internal quotation marks omitted]). At the same time, "[p]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the [*2]burden of establishing satisfaction of this condition" (Bank of Am., N.A. v Wheatley, 158 AD3d 736, 737 [internal quotation marks omitted]). "[W]here, as here, a defendant raises the issue of compliance with RPAPL 1304 as an affirmative defense, the moving party is also required to make a prima facie showing of strict compliance with RPAPL 1304" (Bank of Am., N.A. v Bittle, 168 AD3d at 657; see 2010-3 SFR Venture, LLC v Schiavoni, 199 AD3d 739, 740; Bank of Am., N.A. v Wheatley, 158 AD3d at 737).
RPAPL 1304 provides, in relevant part, that a specific form of notice must be given to the borrower at least 90 days before the commencement of a foreclosure action (see id. § 1304[1]), and that such notice must be sent to the borrower "by registered or certified mail and also by first-class mail to the last known address of the borrower, and to the residence that is the subject of the mortgage" (id. § 1304[2]). "By imposing these specific mailing requirements, 'the Legislature implicitly provided the means for the plaintiff to demonstrate its compliance with the statute, i.e., by proof of the requisite mailing,' which can be 'established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure'" (Bank of Am., N.A. v Bittle, 168 AD3d at 658, quoting Wells Fargo Bank, N.A. v Mandrin, 160 AD3d 1014, 1016).
Here, the plaintiff failed to submit sufficient evidence to demonstrate that the required RPAPL 1304 notice was sent by first-class mail. In an affidavit in support of its motion, Joanna M. Gloria, the plaintiff's vice president of loan documentation, neither attested that she had personal knowledge of the mailing, nor did she present proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed. "'[T]he mere assertion that the notice was mailed, supported by someone with no personal knowledge of the mailing, in the absence of proof of office practices to ensure that the item was properly mailed, does not give rise to the presumption of receipt'" (JPMorgan Chase Bank, N.A. v Grennan, 175 AD3d 1513, 1518, quoting Lindsay v Pasternack Tilker Ziegler Walsh Stanton & Romano LLP, 129 AD3d 790, 793). Therefore, the plaintiff failed to establish, prima facie, that it strictly complied with RPAPL 1304.
Accordingly, the Supreme Court properly denied the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference.
However, the Supreme Court erred in, sua sponte, directing dismissal of the complaint. "A court's power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal" (U.S. Bank, N.A. v Emmanuel, 83 AD3d 1047, 1048; see HSBC Bank USA, N.A. v Lopez, 178 AD3d 679, 680). No extraordinary circumstances were present in this case, as the "failure to comply with RPAPL 1304 is not jurisdictional" (Flagstar Bank, FSB v Jambelli, 140 AD3d 829, 830; see Chase Home Fin., LLC v Guido, 189 AD3d 1339, 1340; Wells Fargo Bank, N.A. v Morales, 178 AD3d 881, 882), the defendant did not present any proof as to the plaintiff's failure to comply with RPAPL 1304, and did not cross-move for summary judgment dismissing the complaint insofar as asserted against him.
Accordingly, the Supreme Court should not have, sua sponte, directed dismissal of the complaint without prejudice.
LASALLE, P.J., DILLON, ROMAN and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court