Freedom Mtge. Corp. v King (2023 NY Slip Op 02105)

Freedom Mtge. Corp. v King

2023 NY Slip Op 02105

Decided on April 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2020-03192
 (Index No. 612156/18)

[*1]Freedom Mortgage Corporation, respondent,
v
Burklyn King, etc., appellant, et al., defendants.

Schlissel DeCorpo, LLP, Lynbrook, NY (Michael J. Ciaravino of counsel), for appellant.
Gross Polowy, LLC, Williamsville, NY (Stephen J. Vargas of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Burklyn King appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered August 29, 2019. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike that defendant's answer, affirmative defenses, and counterclaims, and for an order of reference, and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Burklyn King, to strike that defendant's answer, affirmative defenses, other than the affirmative defense alleging lack of standing, and counterclaims, and for an order of reference, and substituting therefor a provision denying those branches of the motion, and (2) by deleting the provision thereof appointing a referee to compute the amount due to the plaintiff; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant Burklyn King.
On July 25, 2014, the defendant Burklyn King (hereinafter the defendant), and another, executed a note in the sum of $338,751 in favor of nonparty MCS Mortgage Bankers, Inc. (hereinafter MCS), which MCS specially endorsed to the plaintiff (hereinafter the subject note). The subject note was secured by a mortgage on certain real property located in Baldwin. Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), was named as the nominee for MCS on the mortgage. In 2015, MERS, as nominee for MCS, assigned the mortgage to the plaintiff. In 2017, the loan was modified pursuant to a loan modification agreement with the plaintiff. By summons and complaint dated August 30, 2018, the plaintiff commenced this action to foreclose the mortgage against the defendant, among others. The defendant interposed an answer asserting various affirmative defenses, including that the plaintiff lacked standing and failed to comply with RPAPL 1304, as well as several counterclaims.
The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, affirmative defenses, and counterclaims, and for [*2]an order of reference. The defendant opposed the motion. In an order entered August 29, 2019, the Supreme Court, among other things, granted those branches of the plaintiff's motion and appointed a referee to compute the amount due to the plaintiff. The defendant appeals.
"Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie entitlement to judgment as a matter of law through the production of the mortgage, the unpaid note, and evidence of default" (HSBC Bank USA, N.A. v Boursiquot, 204 AD3d 980, 981; see Citimortgage, Inc. v Doomes, 202 AD3d 752, 753). Additionally, where, as here, the plaintiff's standing has been placed in issue by a defendant's answer, the plaintiff must prove its standing as part of its prima facie showing (see HSBC Bank USA, N.A. v Boursiquot, 204 AD3d at 981; Nationstar Mtge., LLC v Shivers, 179 AD3d 931, 932). A plaintiff has standing to maintain a mortgage foreclosure action where it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; HSBC Bank USA, N.A. v Boursiquot, 204 AD3d at 982). "The plaintiff meets this burden with proof of either a written assignment of the underlying note or the physical delivery of the note endorsed in blank or specially to it prior to the commencement of the foreclosure action" (HSBC Bank USA, N.A. v Boursiquot, 204 AD3d at 982; see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361).
Here, the plaintiff established, prima facie, its standing to commence the action by demonstrating that it had physical possession of the note at the time it commenced the action, as evidenced by its attachment of a copy of the subject note, specially endorsed to it by MCS, to the summons and complaint (see U.S. Bank N.A. v Tesoriero, 204 AD3d 1066, 1068; Bank of Am., N.A. v Montagnese, 198 AD3d 850, 852). In opposition, the defendant failed to raise a triable issue of fact as to whether the plaintiff had standing (see Bank of Am., N.A. v Montagnese, 198 AD3d at 852).
Pursuant to RPAPL 1304(1), "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, or borrowers at the property address and any other address of record, including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." The RPAPL 1304 notice must be sent "by registered or certified mail and also by first-class mail to the last known address of the borrower, and to the residence that is the subject of the mortgage" (id. § 1304[2]). "Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action" (U.S. Bank N.A. v Adams, 202 AD3d 867, 868 [internal quotation marks omitted]). "A plaintiff demonstrates its compliance with the statute by proof of the requisite mailing, which can be established [by] proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (id. at 868 [internal quotation marks omitted]; see CIT Bank N.A. v Schiffman, 36 NY3d 550, 555).
Here, the plaintiff failed to establish, prima facie, that it strictly complied with RPAPL 1304 (see Wells Fargo Bank, N.A. v Shields, 201 AD3d 1007, 1009). The plaintiff did not submit proof of actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures. Further, the plaintiff failed to present sufficient proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, including "how the mail was transmitted to the postal service" (CIT Bank N.A. v Schiffman, 36 NY3d at 556; see Wells Fargo Bank, N.A. v Cascarano, 208 AD3d 729, 730).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, affirmative defenses, other than the affirmative defense alleging lack of standing, and counterclaims, and for an order of reference, without regard to the sufficiency of the defendant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of our determination, we need not reach the parties' remaining contentions.
RIVERA, J.P., MALTESE, FORD and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court