Wells Fargo Bank, N.A. v Newhouse (2023 NY Slip Op 03978)

Wells Fargo Bank, N.A. v Newhouse

2023 NY Slip Op 03978

Decided on July 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, MONTOUR, AND OGDEN, JJ.

67 CA 21-01624

[*1]WELLS FARGO BANK, NATIONAL ASSOCIATION AS TRUSTEE FOR OPTION ONE MORTGAGE LOAN TRUST 2007-CPI, ASSET-BACKED CERTIFICATES, SERIES 2007-CPI, PLAINTIFF-APPELLANT,
v
RODNEY C. NEWHOUSE, DEFENDANT-RESPONDENT, ET AL., DEFENDANTS. 

MCCABE, WEISBERG & CONWAY, LLC, MELVILLE (JAMIE C. KRAPF OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
LEGAL ASSISTANCE OF WESTERN NEW YORK, INC., JAMESTOWN (RICK GOODELL OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Supreme Court, Chautauqua County (Lynn W. Keane, J.), entered October 12, 2021. The order denied the motion of plaintiff for, inter alia, summary judgment and granted that part of the cross-motion of defendant Rodney C. Newhouse seeking summary judgment dismissing the complaint against him. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the cross-motion in its entirety except insofar as it sought alternative relief, reinstating the complaint against defendant Rodney C. Newhouse, and granting the motion except insofar as it sought a default judgment against the non-appearing defendants, and as modified the order is affirmed without costs and the matter is remitted to Supreme Court, Chautauqua County, for further proceedings in accordance with the following memorandum: In 2006, defendant Rodney C. Newhouse borrowed a sum of money from plaintiff's predecessor in interest and executed a note secured by a mortgage on certain real property. In May 2010, plaintiff commenced a foreclosure action (first foreclosure action). In addition to Newhouse, plaintiff named, inter alia, defendant Hudson & Keyse LLC, assignee of Fifth Third Bank (Hudson), a subordinate judgment creditor against Newhouse, as a defendant in the first foreclosure action. On September 7, 2010, Hudson filed for chapter 7 bankruptcy. As a result, plaintiff sought to withdraw its order of reference in the first foreclosure action, asserting that the action was stayed. On May 2, 2012, the bankruptcy court granted plaintiff relief and terminated the automatic stay imposed by 11 USC § 362 with respect to plaintiff and the subject property. However, the first foreclosure action was dismissed by Supreme Court (Chimes, J.) in September 2013 based on plaintiff's failure to timely file the judgment of foreclosure. Plaintiff thereafter commenced this foreclosure action. Plaintiff moved for summary judgment on its complaint and for an order striking Newhouse's answer and dismissing the affirmative defenses therein, amending the caption to remove the "John Doe" defendants therefrom, appointing a referee to compute the amount due to plaintiff, and granting plaintiff a default judgment against the remaining, non-appearing defendants. Newhouse cross-moved for summary judgment dismissing the complaint against him as time-barred and cancelling the notice of pendency, and on his counterclaim for cancellation and discharge of the mortgage, or, in the alternative, an order referring the action "back to the Foreclosure Settlement Conference Part," as well as for attorneys' fees. Supreme Court (Keane, J.) denied plaintiff's motion, granted Newhouse's cross-motion insofar as it sought summary judgment dismissing the complaint against him as time-barred and cancellation of the notice of pendency, and insofar as it sought summary judgment on his counterclaim for cancellation and discharge of the mortgage, but denied the cross-motion insofar as it sought attorneys' fees. Plaintiff now appeals.
We agree with plaintiff that the court erred in granting Newhouse's cross-motion insofar as it sought summary judgment dismissing the complaint against him as time-barred. A mortgage foreclosure action is subject to a six-year statute of limitations (see CPLR 213 [4]). Once a debt has been accelerated by a demand, the statute of limitations begins to run on the entire debt (see Bradley v New Penn Fin., LLC, 198 AD3d 1273, 1274 [4th Dept 2021]; Federal Natl. Mtge. Assn. v Tortora, 188 AD3d 70, 74 [4th Dept 2020]). Consequently, the primary issue on appeal is whether the automatic stay triggered in the first foreclosure action due to Hudson's bankruptcy proceeding tolled the statute of limitations pursuant to CPLR 204 (a), thus rendering the instant foreclosure action timely commenced. We conclude that it did.
Pursuant to 11 USC § 362 (a) (1), a voluntary bankruptcy petition "operates as a stay, applicable to all entities, of . . . the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." The duration of a stay under that section "is not a part of the time within which the action must be commenced" (CPLR 204 [a]; see Lubonty v U.S. Bank N.A., 34 NY3d 250, 256 [2019], rearg denied 34 NY3d 1149 [2020]). The plain language of 11 USC § 362 (a) (1) encompasses actions in which the debtor is a named defendant, as Hudson was in the first foreclosure action. Thus, we conclude that the first foreclosure action "was 'against the debtor' and therefore covered by [s]ection 362 (a) (1)" (In re Fogarty, 39 F4th 62, 72 [2d Cir 2022]). "The application of the stay to actions against non-debtors is limited, however, to actions with an adverse impact on a debtor that occurs by operation of law" (id. at 75 [internal quotation marks omitted]). Here, as with the bankruptcy debtor in Fogarty, Hudson had an interest in the subject property by virtue of its $6,937 judgment against Newhouse, and was named as a defendant in the first foreclosure action. Once Hudson filed for bankruptcy on September 7, 2010, the automatic stay applied to the first foreclosure action and the statute of limitations was tolled (see CPLR 204 [a]; 11 USC § 362 [a] [1]; see generally Fogarty, 39 F4th at 74). Plaintiff properly sought relief from the stay, which was granted on May 2, 2012. In light of the 603 days during which the statute of limitations was tolled, plaintiff had until January 2018 to commence the instant action. Thus, the instant action, commenced in July 2016, was timely commenced and Newhouse's cross-motion insofar as it sought summary judgment dismissing the complaint as time-barred should have been denied. We therefore modify the order accordingly. In addition, inasmuch as Newhouse's cross-motion for summary judgment was based solely on his contention that the complaint was time-barred, the court should likewise have denied the cross-motion insofar as it sought cancellation of the notice of pendency and summary judgment on his counterclaim seeking cancellation and discharge of the mortgage. We therefore further modify the order accordingly, and we remit the matter to Supreme Court for a determination of the alternative relief sought by Newhouse in the cross-motion (see generally Pick v Midrox Ins. Co., 186 AD3d 1079, 1080 [4th Dept 2020]; Windnagle v Tarnacki, 184 AD3d 1178, 1180 [4th Dept 2020]; Stiggins v Town of N. Dansville, 155 AD3d 1617, 1619-1620 [4th Dept 2017]).
We further agree with plaintiff that the court erred in denying its motion insofar as it sought summary judgment on the complaint against Newhouse, and insofar as it sought an order striking Newhouse's answer, dismissing the affirmative defenses therein, and appointing a referee to compute the amount due to plaintiff. Generally, in a foreclosure action, a plaintiff establishes its prima facie entitlement to summary judgment on its complaint "by submitting the note and mortgage together with an affidavit of nonpayment" (U.S. Bank N.A. v Balderston, 163 AD3d 1482, 1483 [4th Dept 2018] [internal quotation marks omitted]). However, where, as here, a defendant asserts affirmative defenses alleging that the plaintiff lacked standing and failed to comply with conditions precedent to a foreclosure action, e.g., as here, the failure to comply with the notice requirements of RPAPL 1304 and 1306, the plaintiff must also establish standing and "proffer sufficient evidence to establish, prima facie, that it complied with the condition[s] precedent" (U.S. Bank N.A. v Kochhar, 176 AD3d 1010, 1012 [2d Dept 2019]; see Bank of Am., N.A. v Bittle, 168 AD3d 656, 657 [2d Dept 2019]; Bank of N.Y. Mellon v Anderson, 151 AD3d 1926, 1927 [4th Dept 2017]). Once the plaintiff meets its burden of establishing a prima facie case, the defendant must produce "evidentiary material in admissible form demonstrating a triable issue of fact with respect to some defense to plaintiff's recovery on the note[] and [mortgage]" (Brandywine Pavers, LLC v Bombard, 108 AD3d 1209, 1209-1210 [4th Dept 2013] [internal quotation marks omitted]). Here, plaintiff submitted copies of the note and mortgage, and an affidavit from an authorized signatory of plaintiff's loan servicer attesting to Newhouse's [*2]default (see Balderston, 163 AD3d at 1483). Plaintiff established that it had standing to foreclose on the mortgage by submitting the May 24, 2010 assignment of the note and mortgage to plaintiff (see Hummel v Cilici, LLC, 203 AD3d 1591, 1593 [4th Dept 2022]). In addition, plaintiff established strict compliance with RPAPL 1304 by submitting a copy of the notice, the first class and certified mail envelopes used to mail notice to Newhouse, and an affidavit of service of the requisite notice (see generally Wells Fargo Bank, N.A. v Cascarano, 208 AD3d 729, 730 [2d Dept 2022]; Aurora Loan Servs., LLC v Vrionedes, 167 AD3d 829, 831-832 [2d Dept 2018]). Furthermore, plaintiff established strict compliance with RPAPL 1306 (see TD Bank, N.A. v Leroy, 121 AD3d 1256, 1259-1260 [3d Dept 2014]) by submitting two proof of filing statements from the New York State Department of Financial Services containing the requisite information (see MTGLQ Invs., L.P. v Assim, 209 AD3d 1006, 1008 [2d Dept 2022]). Newhouse failed to raise an issue of fact in opposition to plaintiff's motion (see Balderston, 163 AD3d at 1483). We therefore further modify the order accordingly (see generally Citibank, N.A. v Jones, 207 AD3d 516, 517 [2d Dept 2022]; U.S. Bank N.A. v Williams Family Trust, 202 AD3d 1024, 1025-1026 [2d Dept 2022]), and we further remit the matter to Supreme Court for the appointment of a referee to compute the amount due to plaintiff on the note. In addition, we conclude that the court should have granted the motion insofar as it sought to amend the caption to remove the "John Doe" defendants therefrom (see Wells Fargo Bank, NA v Ambrosov, 120 AD3d 1225, 1227 [2d Dept 2014]), and we therefore further modify the order accordingly.
The court, however, properly denied plaintiff's motion insofar as it sought a default judgment against the remaining, non-appearing defendants inasmuch as plaintiff did not move for the entry of a default order of reference within one year after the non-appearing defendants' default (see CPLR 3215 [c]; U.S. Bank, N.A. v Reamer, 187 AD3d 1650, 1651 [4th Dept 2020]).
Entered: July 28, 2023
Ann Dillon Flynn
Clerk of the Court