Santander Bank, N.A. v Spitzer (2023 NY Slip Op 05752)

Santander Bank, N.A. v Spitzer

2023 NY Slip Op 05752

Decided on November 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
PAUL WOOTEN
WILLIAM G. FORD
BARRY E. WARHIT, JJ.

2021-09283
 (Index No. 522209/18)

[*1]Santander Bank, N.A., etc., respondent, 
v
Shraga Spitzer, appellant, et al., defendants.

Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Steven Amshen of counsel), for appellant.
Stein, Wiener & Roth, LLP, Carle Place, NY (Gerald Roth of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Shraga Spitzer appeals from an order of the Supreme Court, Kings County (Robin K. Sheares, J.), dated November 23, 2021. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Shraga Spitzer, to strike that defendant's answer and affirmative defenses, and for an order of reference.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Shraga Spitzer, to strike that defendant's answer and affirmative defenses, and for an order of reference are denied.
In October 2008, the defendant Shraga Spitzer (hereinafter the defendant) obtained a home equity line of credit in the amount of $157,000 from Sovereign Bank, which was secured by a mortgage on certain real property located in Brooklyn. In November 2018, the plaintiff, Santander Bank, N.A., formerly known as Sovereign Bank, N.A., commenced this action against the defendant, among others, to foreclose the mortgage. The defendant interposed an answer asserting various affirmative defenses, including failure to comply with RPAPL 1304. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer and affirmative defenses, and for an order of reference. The Supreme Court granted those branches of the plaintiff's motion, and the defendant appeals.
Pursuant to RPAPL 1304(1), "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, or borrowers at the property address and any other address of record, including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." The RPAPL 1304 notice must be sent "by registered or certified mail and also by first-class mail to the last known address of the borrower, and to the residence that is the subject of the mortgage" (id. § 1304[2]). "Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action" (U.S. Bank N.A. v Adams, 202 AD3d 867, 868 [internal quotation marks omitted]; see Freedom Mtge. Corp. v King, 215 AD3d 923, 925). "A plaintiff demonstrates its [*2]compliance with the statute by proof of the requisite mailing, which can be established [by] proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (U.S. Bank N.A. v Adams, 202 AD3d at 868 [internal quotation marks omitted]; see CIT Bank N.A. v Schiffman, 36 NY3d 550, 556). Further, the "separate envelope" mandate of RPAPL 1304(2) provides that "[t]he notices required by this section shall be sent by the lender, assignee or mortgage loan servicer in a separate envelope from any other mailing or notice" (see U.S. Bank N.A. v Cambardella, 214 AD3d 925, 926-927).
Initially, contrary to the defendant's contention, the plaintiff demonstrated, prima facie, that it complied with the separate envelope mandate of RPAPL 1304(2). Although the RPAPL 1304 notices allegedly sent to the defendant provided additional information concerning, inter alia, the plaintiff's status as a debt collector and a debtor's rights in bankruptcy, the plaintiff established, prima facie, that the additional information did not constitute an "other . . . notice" for purposes of RPAPL 1304(2) (see Bank of Am., N.A. v Kessler, 39 NY3d 317, 323-324; U.S. Bank N.A. v Cambardella, 214 AD3d at 927-928).
Nevertheless, the plaintiff failed to establish, prima facie, that it strictly complied with the mailing requirements of RPAPL 1304 (see HSBC Bank USA, N.A. v Martin, 210 AD3d 872, 874). The plaintiff failed to submit proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed (see CIT Bank N.A. v Schiffman, 36 NY3d at 556; Freedom Mtge. Corp. v King, 215 AD3d at 926). Further, the plaintiff did not submit proof of actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures (see Freedom Mtge. Corp. v King, 215 AD3d at 925-926).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer and affirmative defenses, and for an order of reference, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The defendant's remaining contention is without merit.
BARROS, J.P., WOOTEN, FORD and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court