Wilmington Sav. Fund Socy., FSB v Stein (2025 NY Slip Op 04274)

Wilmington Sav. Fund Socy., FSB v Stein

2025 NY Slip Op 04274

Decided on July 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2023-07272
2023-07273
 (Index No. 525903/18)

[*1]Wilmington Savings Fund Society, FSB, etc., respondent, 
v
Hannah Stein, etc., et al., appellants, et al., defendants.

Law Office of Samuel Katz, PLLC, Brooklyn, NY (Joseph J. Schwartz of counsel), for appellants.
Knuckles & Manfro, LLP, Tarrytown, NY (Louis A. Levithan of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendants Hanna Stein, Efroim Stein, Mendel Kohl, and Naomi Kohl appeal from two orders of the Supreme Court, Kings County (Larry D. Martin, J.), both dated March 29, 2023. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against those defendants, to strike those defendants' answer, and for an order of reference, and appointed a referee to ascertain and compute the amount due to the plaintiff. The second order granted the same relief to the plaintiff.
ORDERED that the first order is affirmed insofar as appealed from; and it is further,
ORDERED that the second order is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In May 2005, the defendant Hanna Stein executed a note and mortgage encumbering certain real property located in Brooklyn. Hanna Stein allegedly defaulted under the terms of the mortgage in January 2013. In December 2018, the plaintiff commenced this action against Hanna Stein and the defendants Efroim Stein, Mendel Kohl, and Naomi Kohl (hereinafter collectively the defendants), among others, to foreclose the mortgage. In their answer, the defendants alleged that the plaintiff failed to comply with the notice requirements of RPAPL 1304.
In January 2020, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' answer, and for an order of reference. The defendants opposed the motion. In an order dated March 29, 2023, the Supreme Court, among other things, granted those branches of the plaintiff's motion and appointed a referee to ascertain and compute the amount due to the plaintiff. In a second order also dated March 29, 2023, the court granted the same relief to the plaintiff. The defendants appeal.
"Proper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (JP Morgan Chase Bank, N.A. v Bonilla, 227 AD3d 788, 789 [alteration and internal quotation marks omitted]; see Wilmington Sav. Fund Socy., FSB v Kutch, 202 AD3d 1030, 1032). "Where, as here, a defendant raises the issue of compliance with RPAPL 1304 as an affirmative defense, the moving party is also required to make a prima facie showing of strict compliance with RPAPL 1304" (Wells Fargo Bank, N.A. v Cascarano, 208 AD3d 729, 730 [alteration and internal quotation marks omitted]; see Bank of Am., N.A. v Bittle, 168 AD3d 656, 657). Pursuant to RPAPL 1304(1), "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, . . . including mortgage foreclosure, such lender, assignee, or mortgage loan servicer shall give notice to the borrower." "The statute further provides the required content for the notice and provides that the notice must be sent by registered or certified mail and also by first-class mail to the last known address of the borrower" (U.S. Bank N.A. v Glasgow, 218 AD3d 717, 718-719 [internal quotation marks omitted]; see RPAPL 1304[2]). "Compliance with these requirements can be established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (JPMorgan Chase Bank, N.A. v Bonilla, 227 AD3d at 789 [internal quotation marks omitted]).
Here, in support of its motion, the plaintiff submitted, inter alia, an affidavit of Watson Dixon, a document execution specialist employed by Selene Finance, LP (hereinafter Selene), the plaintiff's loan servicer, along with a letter history documenting Selene's communications with the defendants, and copies of 90-day notices dated September 25, 2018, with tracking numbers, and their accompanying envelopes. Dixon averred, among other things, that the required notices were sent by both certified mail and first-class mail, and further attested to a standard mailing procedure designed by Selene to ensure that items were properly addressed and mailed, which was adhered to in this case. Collectively, this evidence established, prima facie, that the plaintiff strictly complied with the requirements of RPAPL 1304 (see U.S. Bank Trust, N.A. v Chiramannil, 205 AD3d 966, 968; U.S. Bank, N.A. v Williams Family Trust, 202 AD3d 1024, 1025). In opposition, the defendants failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' answer, and for an order of reference.
The defendants' contention that the plaintiff failed to submit sufficient evidence to demonstrate the exact date of the defendants' default is improperly raised for the first time on appeal, and we decline to consider it (see Wells Fargo Bank v Islam, 174 AD3d 670, 671-672).
The defendants' remaining contention is without merit.
CONNOLLY, J.P., MILLER, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court